James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

John E. NEYLON, doing business as Neylon Brothers Freight Lines, Defendant.

Civ. No. 337L.

United States District Court
D. Nebraska.
Dec. 14, 1960.

John Weiss, Atty., U. S. Dept. of Labor, Kansas City, Mo., for plaintiff.

H. B. Evnen, Lincoln, Neb., for defendant.

VAN PELT, District Judge.

This is an action by the Secretary of Labor to enjoin defendant from violating certain provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, as amended. The case is submitted at this time upon objections of plaintiff to answering certain interrogatories propounded by defendant.

Plaintiff, in answering the interrogatories, has listed the names and addresses of employees in relation to whom it is alleged the defendant violated certain provisions of the act, and has stated the extent of such violations. Plaintiff admitted that he or persons acting in his behalf had obtained statements or reports from persons having knowledge of the alleged violations. The objections of the plaintiff go to two interrogatories seeking the names of those from whom statements were taken. The plaintiff has filed a formal claim of privilege under General Order 72 of the Secretary of Labor promulgated under Title 5 U.S.C.A. § 22. The claimed privilege is based upon both the informer's privilege and the executive privilege.

■ Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that interrogatories may relate to any matter that can be inquired into under Rule 26(b). Rule 26(b) provides in part that "Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." The term "not privileged" in Rule 26(b) refers to "privilege" as that term is understood in the law of evidence. See United States v. Reynolds, 345 U.S. 1, 6, 73 S.Ct. 528, 97 L.Ed. 727, involving the privilege referred to in Rule 34. The Supreme Court in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, stated:

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. * * * The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

"The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an in-

former, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." 353 U.S. at pages 59, 60, 77 S.Ct. at page 627.

In Mitchell v. Bass, 252 F.2d 513, 517, a case relied on by the defendant, the Court of Appeals for the Eighth Circuit, stated:

"We agree with the trial court that after the government had voluntarily disclosed the names of the informers, no further reason for applying the informer's privilege remained."

Therefore, although privilege was claimed in that case, this Court believes that the case must be distinguished on the ground that the privilege had been waived. The court in Mitchell v. Roma, 3 Cir., 265 F.2d 633, a case involving the very same question as the instant case, cited Mitchell v. Bass, supra, and distinguished it on this basis. In the Roma case, after pointing out that the privilege must give way where the disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the court stated:

"It must be kept in mind that the issue in this case is whether the defendants failed to pay proper wages to one or more of its employees; the issue is not whether there was a statutory failure in regard to persons, employees or not, who have given written statements to the representatives of the plaintiff. Thus the question is narrowed down to whether the disclosure sought by the defendants is essential to assure a fair determination of the issues, with due regard being given to the defendants' right to prepare their defense properly. We conclude that the defendants' interest in being illumined as to informers is not strong enough to overcome the privilege in this instance." At page 636.

■ This Court reaches the same conclusion as was reached in Mitchell v. Roma, supra. Having reached this conclusion, the Court does not deem it necessary to determine the question of executive privilege.

The objections to interrogatories numbered 8 and 9 are therefore sustained.

An appropriate order will be entered.