**Cody FOWLER et al., Plaintiffs,**

v.

**W. Willard WIRTZ, as Secretary of Labor of the United States of America, Defendant.**

**Civ. No. 608-62.**

United States District Court
S. D. Florida.

Oct. 1, 1963.

D. P. S. Paul, Miami, Fla., for plaintiffs.

William A. Meadows, U. S. Atty., Aaron A. Foosaner, Asst. U. S. Atty., Miami, Fla., for defendant.

FULTON, District Judge.

This cause came on for hearing after due notice upon the Plaintiffs' Motion for Production, Plaintiffs' Motion to Strike, and Defendant's Objections to Interrogatories and Supplemental Interrogatories propounded by the plaintiffs. On Monday, September 23, 1963 the Court heard arguments from counsel for both parties in reference to these matters, and prior to that date the Court had received and considered various memorandum briefs from the parties.

*Findings and Conclusions*

1. This suit was filed on December 4, 1962.

2. The defendant did not file his Answer within the sixty-day period permitted by the Rules but on February 4, 1963 obtained from the plaintiffs a stipulation and from the Court an order extending the time for pleading.

3. On February 28, 1963 the defendant filed and served a Motion for Change of Venue. This motion did not come on for hearing because the defendant withdrew and abandoned this motion pursuant to the provisions of an Order entered April 1, 1963.

4. On April 1, 1963 a further extension of twenty days to plead to the Complaint was granted to the defendant. The defendant did not answer the Complaint within the time permitted but, on April 22, 1963 filed a Motion to Dismiss the Complaint.

5. This motion was heard and was denied by an Order entered May 27, 1963. By the same Order the defendant was granted a further extension of time of thirty days within which to answer the Complaint.

6. By another Order, dated June 26, 1963 the defendant was given additional time within which to answer.

7. By still another Order, dated July 9, 1963 a further extension of time within which to answer was granted to the defendant and defendant thereafter served his Answer on July 29, 1963.

8. On June 20, 1963 plaintiffs served their first set of Interrogatories on the defendant. The defendant thereafter secured two orders for extensions of time to answer the interrogatories, but did not secure any extension to file objections to the interrogatories. Each order specified a date by which the defendant shall answer the interrogatories.

9. Answers to these interrogatories were served on July 29, 1963 and the defendant, for answer to interrogatories 12, 20 and 22 stated that he objected to answering these interrogatories on the grounds that the three interrogatories called for the names of and communications with confidential informers, for the production of documents properly to be sought under Rule 34, and that a showing of good cause was necessary.

10. The plaintiffs assert that by failing to make objections to such interrogatories within the ten-day period provided for in Rule 33, Federal Rules of Civil Procedure, and by failing to serve a notice of hearing with the objections, the defendant waived any objections or right to object to such interrogatories.

11. The plaintiffs served additional Interrogatories upon the defendant on August 21, 1963.

12. The defendant did not apply for or receive an extension of time for answering or objecting to these interrogatories and did not answer or object thereto until September 20, 1963 when he served his answers to all interrogatories except those numbered 6 and 8. In regard to these latter two, defendant objected as before and additionally stated in regard to interrogatory number 6 essentially that an answer would require excessive search and compilation. Plaintiffs claim defendant waived the right to object by failing to comply with the time and notice requirements of Rule 33.

13. On August 23, 1963 the plaintiffs filed their Motion to Produce and it was noticed for hearing for September 3, 1963.

14. However, at the request of the defendant the hearing was postponed until September 23, 1963.

15. In his Answer to the plaintiffs' Supplemental Interrogatories, which Answer was served on plaintiffs on September 20, 1963, the defendant did furnish the plaintiffs with a list of names of persons said to have knowledge of the facts in issue together with a partial list of addresses.

16. The Court's Order for a Pretrial Conference to be held October 21, 1963 was entered August 12, 1963 and provided that all discovery must be completed fifteen days prior to October 21, 1963. That Order further provided that the parties must be ready for trial at any time within ten days after Pretrial Conference.

17. The statements and writings called for in paragraph 1 of the plaintiffs' Motion to Produce are obtainable if good cause is shown as required by Rule 34 of the Federal Rules of Civil Procedure, and if they are not privileged.

18. The defendant contends that the statements and writings called for in the plaintiffs' Motion to Produce are immune from discovery as falling within the governmental informers privilege. If such a privilege exists, the burden is on defendant to assert and to establish the privilege.

19. In order for the privilege to be properly asserted, "[t]here must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953). This requirement has also been recognized in Wirtz v. B. A. C. Steel Products, Inc., 312 F.2d 14 (4 Cir. 1962); Mitchell v. Johnson, 274 F.2d 394, 397 (5th Cir. 1960); Mitchell v. Bass, 252 F.2d 513, 516 (8th Cir. 1958).

20. Defendant has not filed a formal claim of privilege in this case meeting these requirements.

21. Such a formal claim of privilege is made all the more necessary in this case because defendant has filed in these proceedings his personal affidavit stating that authority to make policy decisions relating to suits under the Labor Management Reporting and Disclosure Act is solely vested in and reserved to the Secretary of Labor personally and has not been delegated to anyone.

22. Under such circumstances defendant has not sustained his burden in this case of claiming and proving the privilege. Therefore the privilege, regardless of its nature and scope, is not available.

23. In determining whether the present record shows good cause for production of the statements and writings called for in plaintiffs' Motion to Produce it is important to consider the present posture of this case in regard to the time remaining for discovery before trial and the events occurring up to this time and resulting in the present difficulties.

24. Under the Court's Pre-Trial Conference Order in this case, all discovery must be completed by fifteen days prior to October 21, 1963, or by October 6, 1963. Therefore plaintiffs have remaining to them only ten days within which to complete discovery.

25. This situation has developed and resulted from conduct of the defendant which has resulted in numerous delays.

26. As soon as plaintiffs were furnished by defendant with the names of persons whom the defendant believed to have knowledge of the facts of this case, together with a partial list of addresses, they made an immediate effort to get statements from such persons. However, due to the defendant's delay in furnishing such names and addresses, the plaintiffs were unable even to seek these interviews until September 20, 1963.

27. The record shows that as to twelve persons no addresses were listed by defendant. Twenty-six persons could not be located by the plaintiffs at the addresses supplied by defendant. One person who was contacted refused to give the plaintiffs a statement. Another person contacted was willing to give plaintiffs a statement but stated that his recollection was not good as to the events of approximately three years before. It is, of course, apparent that if any of the persons expected to be used as witnesses made the written statements now sought by the plaintiffs at times substantially closer to the events about which they will testify than now, the statements and writings themselves might be more accurate and informative than the witnesses. Further, in such instances, the defendant will have an opportunity to refresh the witness' recollection by showing him his previous statement, whereas, the plaintiffs, in the absence of any opportunity to review those statements prior to trial, actually will have no means of adequate discovery.

28. Defendant has himself brought on the present difficulties in regard to discovery by ignoring the time requirements set forth in the applicable Rules and the orders of this Court, and without any apparent reasonable excuse shown by the record.

29. These Rules have been established for the orderly disposition of cases, and while the Court is not disposed, in the exercise of its discretion, to invoke any of the penalties prescribed by Rule 37, Federal Rules of Civil Procedure, the defendant, by his own conduct, has made the production of the requested statements and writings a practical necessity.

30. The length of time since the October 21 pretrial conference date was fixed, the defendant's failure to sustain his burden that a privilege has been properly claimed or exists here, the delays mentioned above, and the resulting difficulty in which the plaintiffs are placed, compel the conclusion that the Court should, in the exercise of its discretion, order the production of such statements and writings as appear to be necessary to enable the plaintiffs to have their full right of discovery. Fusco for and on Behalf of N. L. R. B. v. Richard Kaase Baking Company, D.C., 205 F. Supp. 459.

31. Due to the exigencies already described, that part of the Pre-Trial Conference Order requiring discovery to be completed fifteen days prior to the date of the pre-trial conference should be relaxed and the parties should be permitted to continue discovery until the pre-trial conference date itself.

32. In regard to defendant's objections to plaintiffs' Interrogatories numbers 12, 20 and 22 and to plaintiffs' Supplemental Interrogatories numbers 6 and 8, the documents requested are not discoverable by interrogatory but must be sought under Rule 34.

33. In regard to Supplemental Interrogatory number 6 an answer would re-quire excessive effort in compilation and assembly (Vendola Corporation v. Hershey Chocolate Corporation, (D.C.S.D. N.Y.) 1 F.R.D. 359 (1940).

34. By a Motion for a Protective Order filed this day by plaintiffs it has come to the Court's attention that defendant plans to take a number of oral depositions of witnesses for use at the trial, beginning September 30, 1963. Since these depositions are being taken for use at the trial, the statements which are to be produced by defendant should be made available to plaintiffs before these depositions are taken.

It is therefore ordered as follows:

A. Defendant's objections to plaintiffs' Interrogatories number 12, 20 and 22 served on June 20, 1963 are sustained.

B. Defendant's objections to plaintiffs' Interrogatories number 6 and 8, served on August 21, 1963 are sustained.

C. Plaintiffs' Motion for Production of Documents is granted to the extent that Defendant is hereby ordered to produce and to permit the plaintiffs to inspect and to copy each of the originals or, if originals are not available, copies of the written statements (or excerpts or parts or summaries thereof) in defendant's possession, custody or control, of any person named in Paragraph 1 of defendant's Answers to Interrogatories served September 20, 1963. The defendant may delete from such written statements the names of the persons giving such statements. The statements ordered to be produced herein shall be produced at the office of plaintiffs' attorneys, Paul & Sams, 1314 First National Bank Building, Miami, Florida within ten days from the date of this Order or such other place as may be mutually agreed upon by the parties and defendant shall not take the deposition de bene esse of any witness until said statements have been furnished.

D. That part of the Order for Pretrial Conference herein which provides that all discovery must be completed fif-

teen days prior to the pretrial conference date of October 21, 1963 is hereby amended to permit discovery proceedings up to the date of the pretrial conference.

E. The Court reserves ruling upon the plaintiffs' Motion to Strike the defendant's Answer or parts thereof.