James D. HODGSON, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

GENERAL MOTORS ACCEPTANCE
CORPORATION, Defendant.

Civ. No. 71–1668.

United States District Court,
S. D. Florida,
Miami Division.

March 7, 1972.

Richard F. Schubert, Sol. of Labor, Beverley R. Worrell, Regional Sol., and Ronald M. Gaswirth, Atty., Atlanta, Ga., for plaintiff.

Ross L. Malone, Gen. Counsel, GMAC, Detroit, Mich., Ray C. Muller, of Muller & Mintz, and William P. Simmons, Jr., of Shutts & Bowen, Miami, Fla., for defendant.

ORDER DENYING MOTION TO COM-
PEL PRODUCTION

ATKINS, District Judge.

This cause is before the Court on defendant's motion to compel the plaintiff to produce written statements of certain employees and former employees. The

Secretary objects to this production on a number of grounds, only two of which have merit.

■■ The claim of executive privilege, apart from its obvious inapplicability on the facts of this case, has not been properly asserted since the requisite formal claim of privilege from the Secretary has not been received by the Court. United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); Fowler v. Wirtz, 34 F.R.D. 20, 23 (S.D.Fla.1963). Similarly the objection based on the Freedom of Information Act is not well-taken. The Act's limitations concerning investigatory files do not apply to a party litigant who might be accorded access to those files by a court, without reliance upon the Act. It also appears that, if not privileged or otherwise protected, these statements are relevant and discoverable.

Defendant makes a strong attack upon the invocation of the informer's privilege on the facts of this case. It argues, based upon Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), that the need for the privilege vanishes once the identity of the informer has been disclosed. One court has adopted that position. See Mitchell v. Bass, 252 F.2d 513 (8th Cir. 1958), apparently the only appellate decision upholding disclosure of the statements sought here.

■ In the Fifth Circuit this privilege is firmly entrenched. See, e. g., Wirtz v. Continental Finance & Loan Co. of West End, 326 F.2d 561 (5th Cir. 1964); Wirtz v. McDade, 330 F.2d 610 (5th Cir. 1964); Wirtz v. Robinson & Stephens, Inc., 368 F.2d 114 (5th Cir. 1966). In the case sub judice, defendant knows the names of those persons who have given statements. Nevertheless, a danger exists, as noted in Robinson & Stephens, supra, that each witness who gave a statement may be suspected of being an informer. That danger would be magnified if the statements were disclosed, since the defendant would then know "the tone and manner of their informing; i. e., whether [the statement] had been voluntarily offered or reluctantly given." Wirtz v. B.A.C. Steel Products, Inc., 312 F.2d 14, 16 (4th Cir. 1962). I think the possibility that defendant could ask for the statements of certain named employees, without being certain which of them were the instigating informers with interests adverse to the company, and thereby discover their identity, requires me to uphold the claim of privilege.

■ The argument that questions of privilege have been mooted by the fact that the informers have left the employ of the defendant is not persuasive. As the Fourth Circuit noted in Wirtz v. B. A.C. Steel Products, Inc., supra at 16, job references are vital to the former employees, and anonymity must therefore be preserved.

■ Defendant concedes that the statements sought "might fall within the purview of work product," but argues that adequate preparation of its case necessitates an overruling of the work product objection. Defendant has, however, already interviewed the witnesses in question and in some cases taken its own statements from them. Thus this is not a situation like Mitchell v. Bass, supra, where the former employees had refused to give statements to the defendant.

Additionally, these statements presumably duplicate materials found in defendant's own records. This consideration, as well as the absence of any attempt to depose the employees, led the Fourth Circuit to reverse a district judge for ordering production in Wirtz v. B.A.C. Steel Products, Inc., supra. Given the minimal value of these statements to the defendant, it has not established that any Rule 26(b) (3) balancing of interests requires the court to divest

these statements of their work product protection.

Accordingly, it is ordered and adjudged that defendant's motion to compel production is denied.