**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SCHILL STEEL PRODUCTS, INC.,
Respondent.**

**No. 21110.**

United States Court of Appeals
Fifth Circuit.

Feb. 19, 1969.

Rehearing Denied March 28, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Lawrence Gold, Atty., N.L. R.B., Washington, D. C., for petitioner.

V. Scott Kneese, Houston, Tex., for respondent.

## PETITION FOR ADJUDICATION IN CIVIL CONTEMPT AND FOR OTHER CIVIL RELIEF

Before WISDOM and GEWIN, Circuit Judges, and HANNAY, District Judge.

WISDOM, Circuit Judge:

The Labor Board has petitioned this Court to adjudge Schill Steel Products, Inc. ("the Company") in civil contempt for its failure to comply with our decree dated February 2, 1965. The decree enforced the Board's orders of February 8, 1963, and August 20, 1963, that the Company cease and desist from certain named violations of Sections 8(a) (1), 8(a) (3), and 8(a) (5) of the National Labor Relations Act. The Company, upon order to show cause, denied various factual allegations made by the Board and added several affirmative defenses. It acquiesced in the Board's motion that a special master be appointed to hear the contempt proceedings, but moved for a specific provision in our order of reference to the master that would allow discovery of "all statements taken by the Board in the course of its investigations of the matters alleged in its Petition herein from witnesses whose testimony the Board intends to or may adduce at such hearing".

This motion, if granted, would, at the least, accelerate the discovery mechanism established in the Board's own rules: under 29 C.F.R. § 102.118, no agent of the Board may divulge matter in its records, even under subpoena, without the consent of the Board, its chairman, or its general counsel. This provision, however, requires that if a statement is made by a witness who later testifies, the statement shall be turned over to the opposing party after the witness has testified. The Company asks us to require the master to order statements of this sort to be discovered before the hearing.

The Board, in opposing the motion, cites no cases involving the right to discover statements within its possession. It relies instead upon two lines

of precedent. The first holds, generally, that in suits to enforce national wage-and-hour requirements the Secretary of Labor need not reveal to the defendant employer the names of employees who have made complaining statements to the Secretary, or the statements themselves. *See, e. g.,* Wirtz v. Robinson and Stephens, Inc., 5 Cir. 1966, 368 F.2d 114, Wirtz v. McDade, 5 Cir. 1964, 330 F.2d 610, Wirtz v. Continental Finance and Loan Co. of West End, 5 Cir. 1964, 326 F.2d 561, and Mitchell v. Roma, 3 Cir. 1959, 265 F.2d 633. *Cf.* Wirtz v. Hooper-Holmes Bureau, Inc., 5 Cir. 1964, 327 F.2d 939.

Although we recognize the principle underlying these decisions, we think that it does not dispose of the responding company's motion for discovery in the present case. The compelling factors in the wage-and-hour cases were, first, the danger that statements or names of informers in the Secretary's possession would be used for reprisals by their employers and, second, the weak showing of need by the would-be-discoverer. The position of the Secretary of Labor in enforcing wage-and-hour requirements may, concededly, be analogized to that of the Labor Board in enforcing the ban against employer coercion and discrimination. In the case before us, however, in contrast to the cases cited by the Board, the Company has limited its quest to the statements in the possession of the Board which were made by witnesses whom the Board expects to examine at the contempt hearing; the Company does not seek statements of all informers who have complained to the Board about its labor practices. Informers who actually testify, of course, surface automatically. Moreover, the Board's own house rule, 29 C.F.R. § 102.-118 (1968), contemplates the delivery *after* the witness has testified, of all his pre-trial statements held by the Board. This regulation, we think, further negates the contention that discovery would improperly expose informers, since it requires that statements of witnesses be turned over anyway. We are unable to see how the danger of coercion or reprisal becomes greater if we require that the statements to the Board of witnesses who testify be turned over at the discovery stage rather than during the course of the hearing.

Similarly, in terms of the discoverer's need to know, the limited motion to inspect the statements here can be distinguished from the requests to discover the names and statements of informers in general that were denied in the wage-and-hour cases. Unlike the statements of non-testifying complainants, previous statements by actual witnesses, or those whose testimony is introduced at the hearing, may be used to impeach their testimony at the hearing, and is to that extent more valuable to the Company.

■ The cases of the second line cited by the Board in opposition to the motion to discover involve situations in which an employer has interrogated his employees about statements made by them to the Board in connection with unfair labor proceedings. Such questioning itself violates Section 8(a) (1) of the Act. Retail Clerks' International Association v. NLRB, 1967, 125 U.S.App. D.C. 389, 373 F.2d 655, Surprenant Mfg. v. NLRB, 6 Cir. 1965, 341 F.2d 756, NLRB v. Winn-Dixie Stores, Inc., 6 Cir. 1965, 341 F.2d 750, cert. denied, 1965, 382 U.S. 830, 86 S.Ct. 69, 15 L.Ed.2d 74. Again, however, the interrogation in those cases was not limited to informers who, by testifying later, would expose themselves anyway, nor was it limited to statements that would, under the Board's regulation, necessarily come into the possession of the employer. Moreover, the inherently coercive interrogation of employee by employer,[1] does not occur in the present situation, where the discovery request is directed to a government agency.

1. "Any interrogation by the employer relating to union matters presents an ever present danger of coercing employees in violation of their § 7 rights." Texas Indus. Inc. v. NLRB, 5 Cir. 1964, 336 F.2d 128, 133.

■ We conclude, therefore, that the principles and precedents cited by the Board do not prohibit the granting of the Company's motion for discovery here. We have accordingly incorporated in our order of reference to the special master provision, in certain circumstances, for pre-hearing discovery of those statements in the possession of the Board made by witnesses it intends to examine at the contempt hearing. At the same time we emphasize the circumscribed nature of our action. First, before these statements may be discovered, the Company will have to satisfy the master as to the usual requirements under Fed.R. Civ. Pp. 26–34. In other words, we do not hereby grant the motion to discover itself, but merely hold that it shall not be denied by the master on the grounds thus far raised by the Board. To assure the protection of both parties, we have ordered that the Federal Rules of Civil Procedure shall govern discovery motions in this proceeding.

Second, this order allows only the discovery of statements made by those witnesses from whom the Board intends to adduce testimony at the hearing. It does not, therefore, make available any information that would not later be revealed under § 102.118 of the Board's rules.

It is accordingly ordered that Walter R. Johnson, Hearing Examiner, United States Civil Service Commission be, and he hereby is, appointed Special Master to take testimony and receive evidence with respect to the issues raised by the pleadings in this case; that the Clerk shall forthwith furnish the Master with a copy of this order, upon receipt of which the Master shall take an oath, faithfully to perform the duties imposed by this order, and file a copy of such oath with the Clerk of this Court; and it is

Further ordered that the Master shall have authority, powers and duties, as follows:

(a) To conduct such pre-trial proceedings as may be appropriate to consider the simplification of the issues herein; the possibility of obtaining admission of facts and of documents; and to conduct or authorize all other matters which may aid in the disposition of the reference, including the entertainment of and disposition of motions for discovery and motions to amend or supplement the pleadings; specifically, to order, upon motion, the discovery to the respondent of all statements made to the petitioner or its agents by witnesses from whom the petitioner intends to adduce testimony, provided that such motions, and all other motions for discovery shall be governed by the pertinent provisions of the Federal Rules of Civil Procedure.

(b) With all reasonable diligence, to hold such hearings as may be reasonably necessary to obtain the relevant and admissible oral or documentary evidence from witnesses made available by the parties, or under the compelling process of the Master, at Houston, Texas, and/or at such other place or places as the Master may deem necessary or advantageous in obtaining said testimony and accommodating witnesses and parties.

(c) To engage a qualified reporter to take and transcribe the testimony adduced at such hearings, each side to pay one-half of the reporter's charges upon the order of the Master.

(d) In accordance with the Federal Rules of Civil Procedure to regulate all proceedings in the hearings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under this order. He may require the production before him of admissible evidence upon all matters relevant and material to the issues, including the production of all books, papers, vouchers, documents and writings. Upon request of the parties, he may issue subpoenas for witnesses, who shall be paid witness fees and mileage pursuant to the law applicable to witnesses in the courts of the United States. If, without adequate excuse, a witness fails to appear or give evidence, the witness may be punished as for a contempt and be subjected to the consequences, penalties and remedies provided therefor. The Master may rule upon the admissibility of evidence, subject to review by this Court upon his

report. He may put witnesses on oath and may himself examine them. At the request of either party, he shall make a record of evidence offered and excluded, for review by this Court upon his report.

(e) To conduct the hearings with the design and purpose of keeping the inquiry within reasonable bounds confined to the controlling issues in these cases. If an objection to a question propounded to a witness is sustained by the Master, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness. The Master may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. The Master shall take and report the evidence in full, unless it appears that the evidence is not admissible on any ground or that the witness is privileged.

(f) With all reasonable speed after the conclusion of the hearings, to file with the Clerk of the Court the transcript of the proceedings and of the evidence, and the original exhibits, together with the Master's report thereon and his recommendations as to findings of fact and recommendations as to conclusions of law; a copy of said report and recommendations shall at the same time be served upon the parties. The Master's report and recommended findings and conclusions shall be binding upon this Court only in the manner and to the extent the Court deems appropriate. The Master may require the parties to submit, prior to the filing of his report, proposed findings, objections to proposed findings, and briefs.

(g) The compensation and expenses of the Master are to be paid in the first instance by the Board; but final assessment and allocation of all costs, fees and expenses, including the cost of a reporter, are reserved for further order of the Court.

It is hereby further ordered that upon the filing with the Clerk of the Court of the Master's report and recommendations, the transcript of the proceedings and the original exhibits, the Clerk shall forthwith mail to all parties notice thereof. Either side may file written objections to the Master's report and recommendations but such objections must be filed with the Court and served upon the other side within twenty (20) days after notice of the report. If only one side files objections to the Master's report, that side shall serve and file its brief in support of its objections within forty-five (45) days after filing of the Master's report. If both sides file objections, then the Board shall serve and file the opening brief within the same period of time. The other side shall file and serve its answering brief within twenty (20) days after filing of the opening brief, and a reply brief may be filed within ten (10) days after filing of the answering brief. The Court will then consider any requests for oral argument.

## ON PETITION FOR REHEARING

PER CURIAM.

The National Labor Relations Board has petitioned for a rehearing with respect to our order of reference dated February 19, 1969. We there granted pre-hearing discovery of statements in the Board's possession made by persons whom the Board intends to use as witnesses at respondent's contempt hearing provided that the requirements of Fed. R.Civ. Pp. 26–34 are otherwise met. We noted that the Board's own rules effectively incorporate the Jencks Act [1] by requiring that these statements be turned over after a witness testifies at a Board hearing. 29 C.F.R. § 102.118.

In the petition here the Board asserts that the prospect of pre-hearing discovery is somehow more intimidating than the prospect of discovery under the Jencks Act because it will give the employer more time to confront the informing employee. Given that the name of an informer will be revealed, we confess that we are unable to see the connection between added time and substantially greater coercion.

[1]. 18 U.S.C. § 3500.

The Board further asserts that pre-trial discovery will force the disclosure of matters not germane to the immediate hearing. Again, however, the problem is none the more serious simply because statements are discovered before, rather than during, the hearing.

The Board also calls our attention to the supposed discrepancy between the holding in this case and the holding in NLRB v. Clement Bros. Co., Inc., 5 Cir. 1969, 407 F.2d 1027. In *Clement Bros.* the respondent sought to discover all pre-hearing statements in the Board's possession, not just those made by witnesses from whom the Board intended to adduce testimony. This request, if granted, would have created opportunities for reprisal clearly beyond those present under the Jencks Act. To repeat, only items covered by the Jencks Act are subject to discovery under our order in this case. *Clement Bros.*, moreover, involved proceedings before the Board, while in this case we were asked to determine the scope of discovery in our own Court.[2]

The petition for rehearing is accordingly denied.

Merrill, Circuit Judge, dissented.

---

2. Although this proceeding will not occur before the Board, the Board is nonetheless willing to comply with its § 102.-118, i.e. acquiesce in discovery during the contempt hearing.