**SEALAND TERMINAL CORPORATION,**
**Plaintiff,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Defendant.**

**Civ. A. No. J76–96(N).**

United States District Court,
S. D. Mississippi,
Jackson Division.

June 9, 1976.

Claiborne Barksdale, E. Grady Jolly, Jackson, Miss., Ernest G. Martin, Jr., Gulfport, Miss., for plaintiff.

Lee J. Romero, Jr., I. Harold Koretzky, N. L. R. B., New Orleans, La., for defendant.

## OPINION

NIXON, District Judge.

In this suit filed under the Freedom·of Information Act (hereinafter called the "FOIA"), 5 U.S.C.A. Section 552, Sealand Terminal Corporation (Sealand) seeks to compel the National Labor Relations Board (N.L.R.B.) to disclose certain information. The case is before the Court at this time on Sealand's Motion for Injunctive Relief and the N.L.R.B.'s Motion for Summary Judgment.

## FINDINGS OF FACT

As a result of unfair labor practice charges filed against Sealand and the N.L.R.B.'s investigation thereof, the N.L.R.B. issued complaints against Sealand alleging that it has engaged in and is continuing to engage in conduct which violates Section 8(a)(1), (2) and (3) of the National Labor Relations Act, 29 U.S.C.A. § 151, *et. seq.* By letter of December 8, 1975 to the Regional Director of the N.L.R.B., Sealand requested that the following information be made available to it pursuant to the FOIA and Rule 34 of the Federal Rules of Civil Procedure:

> Copies of all written statements, or affidavits, signed or unsigned, contained in the Board's case files relating to [certain charges pending against Sealand]. As an alternative to this initial request, produce all written statements or affidavits, signed or unsigned, of all witnesses to be presented by General Counsel at the hearing of these cases. Also, please produce all written statements, signed or unsigned, contained in the Board's case files relating to [certain other charges pending against Sealand].

Sealand's letter further requested, pursuant to the N.L.R.B.'s rules and regulations and Rule 30 of the Federal Rules of Civil Procedure, that it be permitted to take certain depositions in advance of the pending unfair labor practice hearings. Both requests were denied by the Acting Regional Director of the N.L.R.B. on December 15,

1975, contending that the requested information was exempt under Exemptions 7(A), 7(C) and 7(D) of the FOIA, and on appeal, these requests were also denied by the General Counsel on the basis of the above three exemptions as well as Exemption 5 of the FOIA. Sealand also filed with the N.L.R.B.'s Division of Judges the same request, which was subsequently denied on January 7, 1976.

On March 25, 1976 Sealand filed its Complaint herein, alleging that it is entitled under the FOIA and the National Labor Relations Act to the information sought, that it was wrongfully denied the information, that Sealand "will suffer irreparable harm" if it is not provided this information, and demanding that the N.L.R.B. be enjoined from conducting its administrative hearings until the requested information is received.

On March 26, 1976, Sealand filed its Motion for Preliminary Injunction. Because of the unavailability at that time of the author of this Opinion, to whom this case was assigned, U. S. District Judge Harold Cox agreed to hear and decide this Motion on April 2, 1976. At the conclusion of that hearing, Judge Cox entered a preliminary injunction enjoining the N.L.R.B. from further action in the pending unfair labor practice proceeding against Sealand until further Order of this Court on its merits. Subsequent thereto, on April 21, 1976, Judge Cox filed an Opinion setting forth the rationale of his Order. This Court understands the Findings and Conclusions made therein to relate solely to the Motion for Preliminary Injunction heard by Judge Cox and to express no opinion on the ultimate merits of this case.

## CONCLUSIONS OF LAW

For the reasons stated in the companion case of *Marathon LeTourneau, Marine Division v. National Labor Relations Board*, 414 F.Supp. 1074, Civil Action No. W76–15(N), filed this date, a copy of which is attached hereto and made a part hereof by reference, this Court finds that it has jurisdiction of the parties and of the subject matter and that Sealand has standing to proceed as plaintiff herein.

■ As in *Marathon,* at the close of the hearing on these motions the Court ordered the N.L.R.B. to submit for *in camera* inspection the information sought by Sealand. The Court has carefully examined the materials submitted, which consist of affidavits, statements, correspondence, and documents of public record. We find that all correspondence and documents contained therein sent or received by the N.L.R.B. and addressed to or signed by Sealand or its attorneys, as well as all documents of public record contained therein are not exempt from disclosure under any of the exemptions asserted by the N.L.R.B. and must be produced. All affidavits and statements contained therein, as well as any notes or reports of N.L.R.B. agents which may be contained therein are exempt from disclosure for the reasons stated by the Court in *Marathon.* As in *Marathon* we find no reasonably segregable portions of these exempt records which should be disclosed after deletion of the exempt portions thereof.

Sealand further contends that this Court should order the N.L.R.B. to permit discovery in accordance with the Federal Rules of Civil Procedure, arguing that the N.L.R.B.'s practice of severely limiting pretrial discovery was expressly disapproved in *N.L.R.B. v. Rex Disposables, Inc.,* 494 F.2d 588 (5th Cir. 1974) (which Sealand argues makes "[t]he strongest statement in favor of discovery by the circuit court . . ."); *N.L.R.B. v. Schill Steel Products, Inc.,* 408 F.2d 803 (5th Cir. 1969); *N.L.R.B. v. Miami Coca-Cola Bottling Co.,* 403 F.2d 994 (5th Cir. 1968); and *N.L.R.B. v. Safway Steel Scaffolds Co.,* 383 F.2d 273 (5th Cir. 1967), *cert. denied,* 390 U.S. 955, 88 S.Ct. 1052, 19 L.Ed.2d 1150 (1968).

We disagree with Sealand's characterization of the Fifth Circuit's holdings in these cases. It is true that the Fifth Circuit stated, "This Court is committed to the doctrine that when good cause is shown to the Board it should permit discovery in order that the rights of all parties may be properly protected." *N.L.R.B. v. Rex Dis-*

*posables, Inc., supra* at 592. But the Fifth Circuit in *Rex Disposables* examined the administrative record presented to it and concluded that the denial of Rex's request for discovery resulted in no actual prejudice. *Id.* at 593.

In the cases relied upon by Sealand which involved N.L.R.B. proceedings the Fifth Circuit consistently refused to find error in the N.L.R.B.'s rule which permits pretrial discovery only upon a showing of "good cause." *Schill Steel* is the only one of the above-cited cases in which the Court ordered discovery in accordance with the Federal Rules of Civil Procedure. The Court was careful to point out that *Schill Steel* was a civil contempt proceeding where "we were asked to determine the scope of discovery in our own Court", not to determine the proper scope of discovery in N.L.R.B. unfair labor practice proceedings. *N.L.R.B. v. Schill Steel Products, Inc., supra* at 808.

▮ Sealand has demonstrated no concrete "good cause" beyond that which could be shown by the respondent in any unfair labor practice proceeding, and certainly has shown nothing which would justify this Court's interference with the N.L.R.B.'s administrative procedures.

But we reject Sealand's request that we strike down the N.L.R.B.'s discovery procedures for another equally important reason. We believe that it would be highly improper for this Court, in what amounts to a collateral attack, to interfere with the administrative proceedings now pending before the N.L.R.B. Any prejudice which Sealand can demonstrate to its rights at this time is merely speculative. If the plaintiff does in fact suffer actual prejudice by virtue of the denial of its request for discovery, its remedy is appeal to the United States Court of Appeals.

▮ We also reject Sealand's request that we enjoin the N.L.R.B.'s administrative proceedings against it, pending the production of the documents which we have found herein to be nonexempt under the FOIA. We find it unnecessary to reach the issue of our power to enjoin N.L.R.B. pro-

ceedings, for even assuming that we have such power, the prejudice which Sealand would suffer by virtue of the unavailability of the few documents which we have found nonexempt is wholly insufficient to justify the issuance of the requested injunction.

For the foregoing reasons Sealand's Motion for Injunctive Relief will be denied and the N.L.R.B.'s Motion for Summary Judgment will be granted. An Order conforming with the foregoing Opinion, approved as to form by attorneys for both parties, shall be submitted to this Court within the time and in the manner prescribed by our Local Rules.