**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

**v.**

**B. A. C. STEEL PRODUCTS, INC., a corporation, and W. N. Bostic, Appellees.**

**No. 8672.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 5, 1962.

Decided Dec. 15, 1962.

As Corrected Jan. 24, 1963.

Jacob I. Karro, Acting Asst. Sol., U. S. Dept. of Labor (Charles Donahue, Sol. of Labor, Jack H. Weiner, Atty., and Beverley R. Worrell, Regional Atty., U. S. Dept. of Labor, on brief), for appellant.

W. Ray Berry, Columbia, S. C. (Fulmer & Barnes, Columbia, S. C., on brief), for appellees.

Before SOPER and J. SPENCER BELL, Circuit Judges, and LEWIS, District Judge.

J. SPENCER BELL, Circuit Judge.

The plaintiff appeals from an order of the District Court dismissing his complaint under Rule 37(b) (2) (iii) of the Federal Rules of Civil Procedure. The action was brought by the Secretary to enjoin the defendants from violating the pay and record keeping provisions of the Fair Labor Standards Act.[1] Complaint was filed on July 20, 1959. On August 8th the defendants filed a motion asking for the names of all of the employees al-

---

1. Fair Labor Standards Act §§ 15(a) (1), 15(a) (2), and 15(a) (5) as amended, 52 Stat. 1060, as amended, 29 U.S.C.A. § 201 et seq.

leged to have been underpaid. This information was promptly supplied. On January 29, 1960, defendants filed their answer denying failure to comply with the Act. On October 27, 1960, the defendants submitted a set of interrogatories, the answers to which required the Secretary to specify in detail the names of the employees with respect to whom the Act was violated and the extent of the violation with respect to each. These questions were answered by the plaintiff on November 9th.

On May 22, 1961, defendants served notice on the plaintiff that they would move on May 29th for an order requiring the Secretary to produce for inspection a list of all witnesses which he expected to call, a summary of the nature of their expected testimony, all documentary exhibits to be offered at the trial, and copies of all written statements made by present or former employees of the defendants to the investigators of the plaintiff. The defendants did not bring this motion on for hearing as noticed, but instead, on August 9th following they filed additional interrogatories asking for the names and addresses of all of the plaintiff's witnesses; the names of all persons having information pertaining to the issues; and summary statements of the proposed testimony or knowledge of each such person. On August 24, 1961, the plaintiff furnished a list of all persons known to have information pertaining to the issues and a summary of the information known to them, but declined to name its witnesses.

 No action having been taken by the defendants on their motion of May 22nd to produce, the Secretary noticed the motion for a hearing on October 16th, when he opposed it on the grounds that much of the information called for had been furnished in response to the defendants' numerous interrogatories; that good cause had not been shown by the defendants; and finally that the written statements called for were privileged and confidential. The Secretary filed a Formal Claim of Privilege and Confidentiality, based upon the Government's privilege against disclosing information concerning confidential informers. It is also alleged that these matters are privileged under the "work products" rule of Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451 (1947). The only evidence offered by the defendants in support of their motion was an affidavit to the effect that four named former employees had admitted giving statements to the plaintiff, and of these four, two refused the defendants' request for statements. Upon this meager evidence, and in spite of the fact that plaintiff's answers to defendants' interrogatories clearly showed that the wages of at least twenty-one persons were in question, the court on October 25, 1961, ordered the plaintiff to comply in full with defendants' request.[2] Upon plaintiff's failure to comply in full, the District Judge dismissed the case.[3] It is obvious from an examination in detail of the record in this case that the defendant has failed to show good cause and, therefore, the court was clearly in error in its order of October 25th upon which was bottomed its final order dismissing the case. Guilford National Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921 (4 Cir.,

2. The order was amended on January 2, 1962, by deleting the requirement that the Secretary give a full and concise statement of the nature of the expected testimony of each witness intended to be called.

3. The Secretary has complied with the order to the following extent:
 (1) All documentary exhibits to be offered at the trial have been produced.
 (2) A list of all employees alleged to have been underpaid had already been furnished.

(3) A list of all persons having knowledge pertaining to the issues in the litigation and a general statement of their knowledge had already been produced.
(4) A list of six witnesses to be called was produced, and the Secretary indicated that if they were not sufficient to establish the Government's case, one of the other named employees would be called.

1962); Alltmont v. United States, 177 F.2d 971 (3 Cir., 1950), cert. denied 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375 (1950).

It is clear from an examination of the interrogatories and the answers that the defendants had milked the plaintiff dry of all the information in its possession pertinent to the issues involved. It is also clear that they did not show any special circumstances in this case justifying their demand that these statements be produced for inspection and copying. Indeed, most of the information needed to prosecute or defend the case was in the defendants' possession from the beginning; this was the defendants' book and records. No effort whatsoever is shown to have been made by the defendants to take the depositions of the recalcitrant former employees.

The only information which the defendants did not have, and the real purpose of their demand, was to find out which of the present and former employees had informed against them, and the tone and manner of their informing; i.e., whether it had been voluntarily offered or reluctantly given. It is this very information which is protected under the "informer's privilege", Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957); Mitchell v. Roma, 265 F.2d 633 (3 Cir., 1959). The courts have not only denied the names of the informers but also the statements in the government's possession. Although the privilege is not absolute, the defendants have shown no special circumstance which would justify withdrawing the qualified privilege from the government. This is particularly true of this type of case. The average employee involved in this type of action is keenly aware of his dependence upon his employer's good will, not only to hold his job but also for the necessary job references essential to employment elsewhere. Only by preserving their anonymity can the government obtain the information necessary to implement the law properly. Mitchell v. Roma, supra; 8 Wigmore, Evidence § 2374 (McNaughton rev. 1961). This is not a suit to collect back wages for any of the employees; the defendants had already obtained the name of every employee with respect to whom the government claimed violations of the Act had taken place, and the substance of that person's knowledge. No question is involved here of furnishing a statement previously made by a witness who has taken the stand. We think the court erred in holding that the qualified privilege of the government was not applicable in this case. Under this disposition of the case, we do not reach the question of whether these statements were protected from discovery by the work-product doctrine set forth in Hickman v. Taylor, supra.

We now consider that aspect of the trial court's order of October 25 requiring the plaintiff to furnish the defendants with a list of all of the witnesses which he expected to call. Whatever may be the rights of a party to require its adversary to disclose the names of his witnesses in a pre-trial hearing which takes place in contemplation of a trial at a specified time in the near future, we do not interpret the Code as requiring in general such a disclosure at the discovery stages of litigation. This is clearly the majority view. Barron and Holtzoff, Federal Practice and Procedure Vol. 2A § 766 at page 305. This is especially true in view of the fact that the plaintiff has disclosed the names of all persons having information and has furnished the defendants with a statement of what they knew. Indeed, the plaintiff had complied to the extent of listing six witnesses whom it expected to use, though it was unwilling to limit itself strictly to this list.

For all of these reasons, the order dismissing the complaint must be set aside and the case returned to the court below. It is to be hoped that the case may now proceed promptly to a trial on its merits.

Reversed and remanded.