W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,

v.

CONTINENTAL FINANCE & LOAN CO. OF WEST END, et al., Appellees.

No. 20611.

United States Court of Appeals Fifth Circuit.

Jan. 10, 1964.

Bessie Margolin, Assoc. Solicitor, Jacob I. Karro, Atty., Charles Donahue, Solicitor of Labor, Jack H. Weiner, Atty., Beverley R. Worrell, Regional Atty., Dept. of Labor, Washington, D. C., for appellant.

Nolan B. Harmon, Robert E. Coll, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for appellees.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and JOHNSON, Jr., District Judge.

TUTTLE, Chief Judge.

The Secretary of Labor seeks in this action under the Fair Labor Standards Act, Section 17, 29 U.S.C.A. Supp. IV, § 217, to enjoin alleged violations of the Act. The appellees-defendants, two corporations and the individual corporate officers managing their affairs, are engaged in making small loans and selling life insurance. They are charged with violations of the Act's provisions on overtime, record-keeping, and shipping, but they deny that they are covered by the Act or that any of the violations have occurred.

The ultimate question to be decided in this case is whether the trial court erred in requiring the Secretary to respond to two of defendants interrogatories, which sought the names of all persons who had filed complaints charging violations of the Act and the names of witnesses the Secretary planned to

call at the time of the trial. The Secretary refused to answer these interrogatories but he did furnish a list of forty-five persons who "have knowledge or believed by plaintiff to have knowledge of facts relevant to the trial of the issues." The grounds on which the refusal to answer the interrogatories was based were that there was no need for the information requested, that the information was privileged, and the questions went beyond the scope of legitimate inquiry. The trial court concluded, however, that the Government, in exercising its regulatory powers, should stand in no better position in regard to discovery than a private litigant and hence, under the liberal discovery procedure of the rules, the Secretary's interest in maintaining secrecy should be subordinated to defendants' need for a reasonable opportunity to prepare a defense. The Secretary still refused to comply with the order to answer the interrogatories and the action was dismissed.

■ We do not think that the Government when it institutes an action waives all privileges it may have and submits itself to unlimited discovery. The Government's qualified privilege not to disclose the names of informers is well recognized in criminal cases, e. g., Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151 (1938); see, e. g., Bowman Dairy Co. v. United States, 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879 (1957). This privilege may be invoked where a balancing of conflicting policy considerations shows that the public interest in protecting the flow of information outweighs the individual's right to prepare his defense. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). If this type of weighing of conveniences is warranted in an action where the defendant may be subjected to criminal penalties, it goes without saying that it is appropriate where only civil remedies are sought. Thus, Rule 26(b) of the Federal Rules of Civil Procedure specifically excludes matter which is privileged from the scope of examination on deposition, and this exception is incorporated by reference in Rule 33 governing interrogatories.

In this case the Secretary asserts that there is a vital public interest in preserving the anonymity of employees who complain to the Government that their employer is paying substandard wages. The Government would have a virtually impossible task if it had to rely on its own policing activities to discover all violations of the Wage and Hour Laws; it must therefore depend largely upon the employees themselves, who of course know exactly what they are being paid and what their services are for which they are paid. These employees, however, are particularly susceptible to the fear of retaliation, and to obtain the necessary cooperation, they must be reasonably assured that the names of informers will not be divulged.

■ However, with respect to this particular interrogatory, we think we need not indulge in weighing the conveniences. It is perfectly plain that the names of informers are utterly irrelevant to the issues to be tried by the trial court. The question is whether, with respect to certain employees, the Act's requirements as to payment of hourly wages were violated. What possible difference does it make who reported to the Secretary that violations had occurred? It is entirely possible that the Secretary's entire case could be proved by the use of a single witness, such as a bookkeeper or a supervisor. However, it may be that ten or twelve employees may have reported or informed as to alleged violations. In such circumstances the only conceivable need for the names of the informers would be the desire of the employer to know who had informed on it. This is not a relevant issue to the cause before the trial court.

Thus, it is not necessary for us to consider the appellees' argument that the F.L.S.A. itself provides sufficient inducement to an employee to inform and also affords sufficient protection from retaliation. We do note, however, that as in other cases, the most effective protection

from retaliation is the anonymity of the informer. The pressures which an employer may bring to bear on an employee are difficult to detect and even harder to correct. The economic relationship of employer-employee makes possible a wide range of discriminatory actions from the most flagrant to those so subtle that they may be scarcely noticed. We, of course, make no assumption that these illicit pressures would be used in the case before us. The purpose for allowing the informers privilege in such a case, however, is to make retaliation impossible, thus obviating the deterrent force of sanctions for retaliation. Here the shield of anonymity is preferable to the sword of punishment.

The Courts of Appeal of two other Circuits have arrived at a similar result in response to the same question. Each of them, however, arrived at such conclusion after having weighed the relative inconveniences to the litigants and the Secretary. In Mitchell v. Roma, 3rd Cir., 265 F.2d 633, the trial court had dismissed a Fair Labor Standards Act suit when the Secretary declined to furnish the names of persons who had furnished written statements, but the Court of Appeals for the Third Circuit held that the defendant's interest in discovering the names of informers was not strong enough to overcome the general informers privilege. The Court in the Fourth Circuit also held that it was error to dismiss a case for the Secretary's refusal to produce written statements made by defendants-employees to Government Investigators. Wirtz v. B. A. C. Steel Products, Inc., 4th Cir., 312 F.2d 14. The Court there expressed the consideration supporting the privilege in the following well-chosen language:

"The average employee involved in this type of action is keenly aware of his dependence upon his employer's good will, not only to hold his job but also for the necessary job references essential to employment elsewhere. Only by preserving their anonymity can the government obtain the information necessary to implement the law properly." 312 F.2d 14, at 16.

■■ The remaining question, i.e., whether the Secretary may be compelled to disclose the names of his witnesses as a part of the discovery process long before trial must, we think, be answered in the same manner. We do not now have before us the question whether the names of witnesses may be compelled at a pre-trial hearing or at a date shortly before trial, although this Court has stated in Bell v. Swift & Company, 5th Cir., 283 F.2d 407, 409, that the weight of authority holds that he may not be so compelled. We have no doubt, however, that the obtaining of such names is no part of the discovery process before the filing of defensive pleadings. The opportunity of the trial court to assist the parties in developing the actual issues to be tried upon pre-trial hearing and the flexibility of such a hearing which would make possible the Court's setting a date shortly before trial, if it decides that disclosure of the names of witnesses is to be essential before the actual trial occurs, make the pre-trial hearing the appropriate time for settling this question at the trial court level. It is noted that an eminent authority arguing for disclosure concedes that judicial limitations on disclosure would be appropriate where the circumstances of a particular case indicate. See 4 Moore, Fed.Prac., Section 26.19 [4] at 1252 (2d ed. 1963). See also Wirtz v. B. A. C. Steel Products, Inc., supra, 16.

The judgment of dismissal is reversed and the case is remanded for further proceedings not inconsistent with this opinion.