**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**ROBINSON & STEPHENS, INC. and Henry A. Stephens, Sr., Appellees.**

No. 22555.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1966.

Bessie Margolin, Associate Sol., Dept. of Labor, Carin Ann Clauss, Atty., Dept. of Labor, Washington, D. C., Charles Donahue, Sol. of Labor, Robert E. Nagle, Atty., United States Dept. of Labor, Washington, D. C., for appellant.

Charles D. Read, Jr., Atlanta, Ga., Wotton, Long, Jones & Read, Charles D. Read, Jr., Atlanta, Ga., for appellees.

Before RIVES, BELL and THORNBERRY, Circuit Judges.

BELL, Circuit Judge:

The District Court dismissed the suit which is the subject matter of this appeal for failure of the Secretary to comply with a pre-trial order. The refusal to comply was based on a formal claim of privilege as the doctrine of privilege embraced the Secretary's dealings with informers. The specific question presented is whether the District Court erred in requiring the Secretary to designate, ten days before trial, which of his prospective witnesses had given written statements concerning the employment practices in suit. We conclude that the pre-trial order was error under the circumstances, and reverse.

The Secretary brought suit to enjoin violations of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The alleged violations relate to the failure to pay minimum wages and overtime compensation, and also the failure to keep adequate and accurate records as required by the applicable regulations. 29 U.S.C.A. §§ 206, 207, 211(c), and 215 (a) (1), (2) and (5).

Counsel for the defendants employed extensive discovery proceedings in connection with the defense of the suit. The narrow issue presented had its inception in the refusal of the Secretary to answer an interrogatory which sought the names of all persons who had given written statements concerning the employment practices involved, and the subject matter of any such statements. The Secretary took the position that such disclosure would violate the privilege to withhold the names of informers.

The District Court modified the relief sought by the defendants in this respect to require the Secretary to make available to the employer, at least ten days in advance of trial, the names of the witnesses the Secretary would have present at the trial unless due notice was given to the opposing party to the contrary. This is a standard requirement under the pretrial procedures in the Northern District of Georgia and no objection was lodged as to it. However, the court went further and required that, in connection with the list of witnesses, the Secretary designate which of said witnesses had given written statements to the Secretary. The Secretary, being of the view that this was simply another way of making him disclose the names of informers, refused to comply with the order. The complaint was dismissed, and this appeal followed.

The order of the District Court was based on the theory that the fact of giving a statement did not necessarily indicate that the statement maker was an informer. The court stated that its ruling preserved the defendants' rights under Rule 34, F.R.Civ.P., to discover statements upon showing good cause therefor, and that the question of privilege could be asserted and determined if and when the defendants moved under Rule 34.

In Wirtz v. Continental Finance & Loan Co. of West End, 5 Cir., 1964, 326 F.2d 561, the Secretary had already furnished the names of persons who had knowledge or were believed to have knowledge of facts relevant to the trial of the issues. He refused, however, to give the names, in response to an interrogatory, of all persons who had filed complaints against the employer. We found it unnecessary to reach the question of privilege but treated the interrogatory as merely an effort to obtain the names of informers, something irrelevant to any issue, and reversed the dismissal of the complaint by the District Court based on the failure of the Secretary to answer. We followed this case in Wirtz v. McDade, 5 Cir., 1964, 330 F. 2d 610, and held that the Secretary was not required to comply with a discovery order directing him to deliver statements taken by his representatives to the employer for inspection. Cf. Mitchell v. Roma, 3 Cir., 1959, 265 F.2d 633 (Secretary on the basis of informer privilege not required to furnish names of persons who had given written statements); and Wirtz v. B.A.C. Steel Products, Inc., 4 Cir., 1962, 312 F.2d 14 (Secretary on the basis of informer privilege not required to produce statements made by employees).

We also held in Wirtz v. Continental Finance & Loan Co. of West End, supra, that the Secretary could not be compelled to disclose the names of his witnesses as a part of the discovery process. This stage of the proceeding was distinguished from his being compelled to do so at a pre-trial hearing or at a date shortly before trial. These latter stages were not in issue. Our holding was in accord with that of the Fourth Circuit on the same question in Wirtz v. B.A.C. Steel Products, Inc., supra.

The question of whether the Secretary might be compelled to list his witnesses at a pre-trial hearing was answered in the affirmative in Wirtz v. Hooper-Holmes Bureau, Inc., 5 Cir., 1964, 327 F. 2d 939. We there affirmed the dismissal of the complaint based on the refusal of the Secretary to comply with a pre-trial order entered pursuant to a local court rule. The order required him to furnish the defendant, at least ten days prior to trial, with a list of the witnesses the Secretary would call or would have available at the trial. The order also required a statement of the general subject matter of the testimony of each witness.

It will be seen that the District Court took the Hooper-Holmes Bureau rationale one step further in this case. The requirement that the witness list include a designation as to which witnesses had given written statements was a new approach. The order did not require the production of statements but only the names of those witnesses who had given statements. Thus we are in the area between the informer question presented in Wirtz v. Continental Finance & Loan Co. of West End, supra, during discovery, and the pre-trial order requiring a witness list and a subject matter statement as to the witnesses in The Hooper-Holmes Bureau case. The issue in each case turned on the public policy question of maintaining the anonymity of informers to the end of more effective enforcement of the Fair Labor Standards Act. In the first of these cases there was clearly an effort to discover inform-

ers. In the latter, the overriding fact was the right of the court to maintain orderly trial procedures through a required exchange of witness lists. Moreover, it was not clear that the effect of the order would be to disclose informers. The balance was on the side of orderly trial procedure.

█ Here we think the order tends toward disclosure of informers. Worse, each witness who has given a statement will be suspected of being an informer. The trial court's power over trial procedure as such is involved only to a limited degree. There will be little, if any, facilitation of the trial from a disclosure of who has given statements. And the rights of defendants under Rule 34 are subject to the privilege doctrine. See Rule 26(b), F.R.Civ.P., Rule 34, and Wirtz v. Continental Finance & Loan Co. of West End, supra.

█ The formal claim of privilege not to disclose the identity of informers which was made by the Secretary to the order here was not disputed. It should have been sustained. It was error to dismiss the complaint under the circumstances.

Reversed and remanded for further proceedings not inconsistent herewith.