W. Willard **WIRTZ**, Secretary of Labor, United States Department of Labor, Appellant,

v.

William **ROSENTHAL**, individually and doing business as Cal Classic Furniture Manufacturing Company, and Lynard of California, Inc., a corporation, Appellees.

No. 21625.

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1967.

Rehearing Denied Jan. 29, 1968.

Charles Donahue, Sol. of Labor, Bessie Margolin, Associate Sol., Robert E. Nagle, Joel Chasnoff, Attys., U. S. Dept. of Labor, Washington, D. C., for appellant.

William J. Emanuel, Los Angeles, Cal. (argued), Musick, Peeler & Garrett, Los Angeles, Cal., for appellees.

Before BARNES and HAMLEY, Circuit Judges, and McNICHOLS, District Judge.

PER CURIAM:

W. Willard Wirtz, Secretary of Labor, United States Department of Labor, appeals from the dismissal of a suit filed by the Secretary to enjoin violations of the Fair Labor Standards Act, 52 Stat. 1060 (1938), as amended 29 U.S.C. § 201 et seq. (1964).

The dismissal was entered under Rule 37(b) (2) of the Federal Rules of Civil Procedure because the Secretary declined to comply with an order of the district court requiring him to produce certain investigative reports and statements for inspection and copying by de-

fendants. The Secretary declined to comply with this order on two grounds: (1) the reports and statements in question are protected by the "informer's privilege," as defined in Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 and (2) "good cause" for the production, inspection and copying of the documents had not been shown, as required by Rule 34, Federal Rules of Civil Procedure.

Having in view the limitations on the "informer's privilege," as set forth in *Roviaro;* the findings of fact of the trial court on the question of "good cause," which findings are not clearly erroneous; and the wide discretion vested in the district court in balancing the public interest in maintaining the privilege as against the necessity of obtaining the information in order to achieve a fair trial; we hold that, under the particular circumstances of this case, the district court did not err.

Affirmed.