W. Willard WIRTZ, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

The SECURITY NATIONAL BANK OF
SIOUX CITY, Defendant.

Civ. No. 67–C–3003–W.

United States District Court
N. D. Iowa, W. D.
April 17, 1968.

Charles Donahue, Washington, D. C., Harper Barnes, and Edwin M. Bramson, Dept. of Labor, Kansas City, Mo., for plaintiff.

Geo. F. Davis, Sioux City, Iowa, for defendant.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon the defendant's motion for production of documents. Resistance has been filed thereto.

The defendant seeks the production of any written statements taken from present or former employees of defendant or any memoranda of interviews with present or former employees. In a supporting affidavit, the defendant states, *inter alia*, that the majority of the persons interviewed by plaintiff "are no longer employed by the defendant, are not subject to having their depositions taken, are unavailable to the defendant, and because of the nature of this action would be, in some instances, in the position of adverse parties to this defendant." The plaintiff opposes the motion on the grounds that good cause has not been shown in support of production and that the matter requested is privileged under the informer's privilege. A formal claim of privilege has been made by the Department of Labor.

■■ At the outset, there has been no sufficient showing of good cause. The defendant has made no showing of special circumstances justifying production. It does not appear that any actual effort was made to secure information from the allegedly unavailable or hostile employees in question. Wirtz v. B.A.C. Steel Products, Inc., 312 F.2d 14 (4 Cir.). The Government has properly invoked the informer's privilege. It is well-settled that a qualified privilege in regard to the names and statements of witnesses exists in this type of case. See, e. g., United States v. Hemphill, 369 F.2d 539 (4 Cir.); Wirtz v. Robinson & Stephens, Inc., 368 F.2d 114 (5 Cir.); Mitchell v. Roma, 265 F.2d 633 (3 Cir.). The privilege is necessary to protect the identities of informants whose means of livelihood are dependent upon the employer or who may need future job references. See B.A.C. Steel Products, supra.

The defendant cites the case of Mitchell v. Bass, 252 F.2d 513 (8 Cir.) in support of production. That case is distinguishable in that the privilege was waived by the Government. See Mitchell v. Roma, supra, and Mitchell v. Ney-

lon, 27 F.R.D. 438 (D.Neb.) which draw that distinction.

Accordingly, it is hereby ordered that defendant's motion for production is denied.