James D. HODGSON, Secretary of Labor,
United States Department of Labor,
Plaintiff-Appellant,

v.

CHARLES MARTIN INSPECTORS OF
PETROLEUM, INC., Defendant-
Appellee.

No. 71–1888.

United States Court of Appeals,
Fifth Circuit.

April 25, 1972.

------

Peter G. Nash, Sol. of Labor, Dept. of Labor, Washington, D. C., M. J. Parmenter, Regional Sol., Truett E. Bean, Atty., Dept. of Labor, Dallas, Tex., Bessie Margolin, Sol. of Labor, Carin Ann Clauss, Dept. of Labor, Washington, D. C., Jacob I. Karro, Mack A. Player, Attys., U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant.

James M. Neel, Houston, Tex., Louis Norris, New York City, Richard R. Brann, Houston, Tex., for appellee, Chas. Martin Inspectors of Petroleum, Inc.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The Secretary of Labor brought suit against defendant under § 17 of the Fair Labor Standards Act for violation of the minimum wage, overtime and record keeping provisions of the Act. The district court dismissed the action when the Secretary, relying on the so-called "informer's privilege," refused to produce certain statements which had been taken from employees of the defendant. Finding that under the circumstances of this case the Secretary was entitled to assert the informer's privilege, we reverse and remand.

Defendant has for many years been engaged in the business of inspecting and certifying chemical and petroleum cargoes which are carried on seagoing vessels. The Secretary contends that the inspectors who perform this work are subject to the minimum wage, overtime and record keeping provisions of the Act. Defendant's position is that these employees are "administrative" or "executive" personnel and exempt under § 13(a) (1) of the Act.

Prior to filing the complaint, the Secretary conducted an extensive investigation of defendant's activities. In the course of this investigation a number of employees were interviewed and gave written statements to Department of Labor investigators. Defendant first sought to obtain copies of these statements by means of interrogatories. The Secretary furnished considerable information, including the names of the employees alleged to be underpaid, the periods in question, the hours worked, the rates paid, the estimated amounts of underpayment, the investigators, the investigations made, and the violations found, but declined to produce the actual written statements, giving confidentiality and privilege as the reasons.

Defendant then filed a motion to produce under Rule 34 of the Federal Rules of Civil Procedure. This motion was granted. The court ordered the Secretary to produce statements taken by his investigators from defendant's *former* employees and from any *present* employees for whom a claim is being asserted. As to the present employees, however, the order did not require the Secretary to produce during discovery any information concerning informers whose identity had not already been disclosed to defendant and did not require him to produce any statements taken after plaintiff's legal counsel became involved.[1]

1. 1. Any and all affidavits, statements or factual summaries of interviews taken by Plaintiff's wage and hour investigators of Defendant's *former* employees during, contemporaneously with, or as a result of any of the hereinafter set forth investigations conducted by the Wage and Hour Division of the U.S. Department of Labor: (a) the 1959 wage and hour investigation of the Houston, Lake Charles, or Arkansas City offices of Defendant's operations; (b) The 1960 wage and hour in-

When the Secretary refused to comply with this order, his complaint was dismissed. This was proper procedure if the Secretary was not protected by the privilege against disclosure. Rule 37(b)(2)(C), F.R.Civ.P.

The single issue before us is whether the district court properly balanced the opposing interests of the parties in deciding that the privilege was not available to the government in this case.

 The law is clearly established that the privilege asserted here is a qualified one, not absolute, limited by the underlying purpose of the privilege as balanced against the fundamental requirements of fairness and disclosure in the litigation process. The touchstone for such analysis is Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L. Ed.2d 639 (1957).[2] Although that was a criminal case, the balancing of interest test that it established has been applied to civil cases as well. Westinghouse Corp. v. City of Burlington, 122 U.S. App.D.C. 65, 351 F.2d 762 (1965); Mitchell v. Bass, 252 F.2d 513 (8th Cir. 1958); Wirtz v. Rosenthal, 388 F.2d 290 (9th Cir. 1967).

 In broad terms, the interests to be balanced here are the public's interest in efficient enforcement of the Act, the informer's right to be protected against possible retaliation, and the defendant's need to prepare for trial. To support his claim to the protection of the privilege in this case, the Secretary makes three arguments: *First*, the information which defendant needs to defend this suit is all well within its own knowledge and available from its own resources; *Second*, the defendant has already been given, in answers to interrogatories, all the details of the investigation which it might reasonably need; and *Third*, unless the government's sources of information are protected from fear of discharge or other retaliatory action, the Act cannot be enforced and Congressional intent will be frustrated.

Defendant counters by arguing that the risk of reprisal is remote and inconsequential because the court limited the production to former employees, and to

vestigation of the Port Arthur office of Defendant's operations; (c) The 1963 wage and hour investigation of the Port Arthur or Lake Charles offices of Defendant's operations; (d) The 1968–69 wage and hour investigation of the Houston and Port Arthur offices of Defendant's operations (i. e., the investigation giving rise to the instant lawsuit).

2. After completing its pretrial investigation, plaintiff shall furnish defendant the following information or documents concerning the wage claims asserted by it in behalf of defendant's *present* employees: (a) The names of persons for whom plaintiff is asserting a claim; (b) The amount of and method of calculation used to compute each employee's claim; (c) Copies of interview summaries, affidavits or statements made during or transcribed after plaintiff's investigators interviewed defendant's employees.

3. Paragraph number 2 of this discovery order is *expressly limited* as follows: (a) Plaintiff need not produce *during* discovery *any* information concerning informers whose identity has *not* already been disclosed to defendant by plaintiff or by the employee; (b) Production is fur-

ther limited to factual summaries, affidavits or statements made or taken prior to the time plaintiff's legal counsel became involved in this matter.

4. Ten (10) days prior to trial all parties will be required to amend their proposed pretrial orders by submitting a complete list of their proposed witnesses and a summary of their anticipated testimony.

2. "The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the informer has been disclosed to those who have cause to resent the communication, the privilege is no longer applicable.

A further limitation of the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." 353 U.S. at 60, 77 S.Ct. at 628. [footnotes omitted]

only those present employees whose identity had already been revealed. Contrasted against this, defendant urges a clear and convincing need for adequate preparation of its defense because the written statements sought are lengthy and detailed, were taken a long time ago, would be useful in impeaching testimony of witnesses and in leading to other evidence, and that the cost of taking the depositions of all the individuals involved would be virtually prohibitive.

### Former Employees

■ In the district court's view, former employees are removed from the threat of retaliation that might befall an individual presently employed by defendant. The court said:

> "The need to shield the identity of *former* employees is not significant, as the possibility of retaliation is remote and speculative. Therefore, plaintiff's ephemeral interest in secrecy on this point must yield to defendant's more substantial interest in preparing its defense."

The possibility of retaliation, however, is far from being "remote and speculative" with respect to former employees for three reasons. First, it is a fact of business life that employers almost invariably require prospective employees to provide the names of their previous employers as references when applying for a job. Defendant's former employees could be severely handicapped in their efforts to obtain new jobs if the defendant should brand them as "informers" when references are sought. Second, there is the possibility that a former employee may be subjected to retaliation by his new employer if that employer finds out that the employee has in the past cooperated with the Secretary. Third, a former employee may find it desirable or necessary to seek reemployment with the defendant. In such a case the former employee would stand the same risk of retaliation as the present employee.

There is no ground for affording any less protection to defendant's former employees than to its present employees. Wirtz v. B. A. C. Steel Products, Inc., 312 F.2d 14 (4th Cir. 1962).

### Present Employees

The Secretary was ordered to produce only the statements of present employees whose identity already has been disclosed, either by the Secretary or by the employee himself. This facet of the order appears on its face to comport with the general rule that it is the *identity* of the informer which is protected, not the contents of his statement. Wright & Miller, Federal Practice and Procedure, § 2019 (1970); see also Advisory Committee Notes to Rule 510(a), Proposed Federal Rules of Evidence, 51 F.R.D. 379.

Upon closer analysis, however, the order proves to be inadequate to protect the identity that is privileged because it is not clear that it is limited to those employees who have been revealed as informers. Knowing the identity of persons who have given statements to the Secretary is not equivalent to knowledge of which of those persons were informers within the context of the privilege. Only when the content of a statement is disclosed will it be revealed whether the information was given reluctantly or voluntarily, whether the tone and manner in which it was given was friendly to the defendant or unfriendly, and whether it was accusatory or favorable. In short, if the employee is not known to the defendant as an informer but merely as a statement giver, then disclosure of the statement might reveal him as an informer.

With this factor in mind, a review of our prior decisions in this field makes it clear that the district court's order must be reversed because compliance with the order as it is written would disclose those individuals who might be the subject of retaliation for their cooperation with the government. In Wirtz v. Continental Finance & Loan Co., 326 F.2d

561 (5th Cir. 1964), the district court had dismissed the Secretary's complaint based on the failure of the Secretary to answer an interrogatory demanding the names of persons who had filed complaints against the employer. We held that the interrogatory was a mere attempt to discover the identity of informers and reversed. We reached the same conclusion in Wirtz v. McDade, 330 F.2d 610 (5th Cir. 1964). Wirtz v. Robinson & Stephens, Inc., 368 F.2d 114 (5th Cir. 1966), involved pretrial proceedings. The district court had dismissed the suit because the Secretary refused to comply with a pretrial order requiring him to designate which of his prospective witnesses had given written statements to the government investigators. We reversed on the ground that the answer would tend to disclose which of the witnesses to be called had actually been informers. The order of the district court here, like the order which was reversed in *Robinson & Stephens,* would allow the defendant to discover which of its employees had informed against it. This is the exact information that the privilege protects.

### Need

Balanced against this danger of disclosure and reprisal is defendant's showing of need. Although discovery Rule 34 has been amended[3] so that no showing of "good cause" is now required for production of documents, defendant must, nevertheless, make a sufficient showing to overcome the Secretary's claim of privilege under Rule 26(b) (1). This the defendant has not done. The Secretary's answers to interrogatories have given defendant all the information it reasonably needs to prepare its defense, in view of the fact that the dispute here concerns facts which are as much within the knowledge of defendant as its employees. That the statements might lead to other evidence and that depositions would be expensive show that the statements would facilitate defendant's investigation but such facilitation is not a requirement for fundamental fairness to defendant.

■ Defendant's claim that the statements are needed for impeachment purposes need not be answered now. The case is still in the early stages of discovery. The defendant's access to employee statements for impeachment purposes is a matter to be handled by the district court at the pretrial stage of the proceedings. Compare Wirtz v. Hooper-Holmes Bureau, 327 F.2d 939 (5th Cir. 1964) with Wirtz v. Robinson & Stephens, *supra.* See Annot., 8 A.L.R.Fed. 6, 40 (1971). The correctness of paragraph 4 of the district court's May 4th Order concerning pretrial requirements is not before us and we make no ruling on it.

Defendant has argued vigorously that our result should be the same as that reached by the Eighth Circuit in Mitchell v. Bass, *supra.* In that case the Secretary had revealed at pretrial conference the names of eleven employees who were expected to be called as witnesses. Seven of these prospective witnesses discussed the case with the defendant but four refused. The court ordered production of the statements given to the Secretary by those four persons, since it appeared that their identity *as informers* had been voluntarily revealed by the government and there was no further need to apply the privilege with respect to them. The situation presented in Mitchell v. Bass is therefore unlike that of Robinson & Stephens, *supra,* and of the instant case.

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

3. 398 U.S. 979, 90 S.Ct. 2357 (1970) amending Rule 34, F.R.Civ.P., effective July 1, 1970.