**James D. HODGSON, Secretary of Labor, United States Department of Labor**

v.

**BELL LETTER SERVICE, INC. and Theodore Konstantino.**

**Civ. No. 14516.**

United States District Court,
D. Connecticut.
May 22, 1974.

**110**

Albert H. Ross, Regional Sol., Paul J. McTague, Deputy Regional Sol., Paul J. Katz, Atty., U. S. Dept. of Labor, Boston, Mass., for plaintiff.

Herbert L. Emanuelson, Jr., New Haven, Conn., Dwight F. Fanton, Robert J. Cooney, Gregory L. Thornton, Edward Maum Sheehy, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendants.

## RULING ON MOTION TO COMPEL DISCOVERY

BLUMENFELD, District Judge.

This is an action by the Secretary of Labor for injunctive relief and the payment of overdue wages under the Fair Labor Standards Act. Plaintiff alleges that defendant has failed to pay the minimum wages and overtime compensation and to maintain adequate payroll and employee records as required by law. Defendant filed a detailed set of interrogatories, which was answered only in part by plaintiff, who objected to many questions on the grounds of the government's privilege to keep confidential the identities of those who inform it of possible violations of law. Defendant has moved to compel plaintiff, notwithstanding this claim of privilege, to furnish more responsive answers to the interrogatories and to produce all statements, questionnaires, and correspondence obtained by plaintiff from allegedly underpaid employees of defendant.

Defendant's business consists of producing and addressing envelopes and labels and related products for distribution by mail. Plaintiff contends that defendant has employed 198 identified "homeworkers" who performed services for defendant in their homes for which they received less than the then minimum hourly wage of $1.60 and for which they received no overtime premium. Defendant's interrogatories inquired generally into the names and addresses of persons to whom defendant was claimed to have paid less than the minimum wage, the periods of time in which these persons were employed by plaintiff, the hours worked and wages earned by each, the hourly wage plaintiff claims they were paid, and the method by which plaintiff arrived at this claim, whether any of these persons were interviewed by plaintiff, the names of those interviewed and any statements obtained, whether any other persons were interviewed, whether questionnaires were sent to any of the allegedly underpaid persons, which of these returned questionnaires, and what they said in reply to the questionnaires. Defendant also asked by interrogatories for the circumstances of plaintiff's claim of inadequate record-keeping by defendant.

In dealing with Fair Labor Standards Act cases courts have generally been receptive to the government's claim of the "informer's privilege," explicated in Roviaro v. United States, 353 U.S. 53, 59–62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), in deference to the government's assertion that effective enforcement of federal wage and hour policies requires that workers who inform the government of violations must be kept secure from possible retaliation by their employers. See Wirtz v. Continental Finance & Loan Co., 326 F.2d 561 (5th Cir. 1964); Wirtz v. B. A. C. Steel Products, Inc., 312 F.2d 14 (4th Cir. 1963); Mitchell v. Roma, 265 F.2d 633 (3d Cir. 1959). These cases recognize, however, that the privilege is a qualified one which is properly invoked only "where a balancing of conflicting policy considerations shows that the public interest in protecting the flow of information outweighs the individual's right to prepare his defense." Wirtz

v. Continental Finance & Loan Co., *supra*, 326 F.2d at 563. This balancing test has on occasion been applied so as to deny the defendant's request for disclosure at the discovery stage of a list of the government's proposed witnesses in a Fair Labor Standards Act case, while leaving open the possibility that the government will be required to disclose its witnesses a few days in advance of trial. See Wirtz v. B.A.C. Steel Products, Inc., *supra*, 312 F.2d at 16: Shultz v. Haxton, 50 F.R.D. 95, 98 (N.D.Miss.1970). The Fifth Circuit, while upholding the application of a local rule of a district court requiring disclosure of witnesses' identities shortly before trial, notwithstanding the government's invocation of the informer's privilege, has expressly refused to permit the disclosure of any statements the witnesses may have given. Compare Wirtz v. Hooper-Holmes Bureau, Inc., 327 F.2d 939 (5th Cir. 1964), with Wirtz v. Robinson & Stephens, Inc., 368 F.2d 114, 116 (5th Cir. 1966). See also Hodgson v. Charles Martin, Inc., 459 F.2d 303 (5th Cir. 1972). This distinction was justified on the grounds that knowledge of witnesses' identities was essential to "orderly trial procedure," *id.*, but that disclosure of witnesses' statements "tends toward disclosure of informers . . . [with] little, if any, facilitation of the trial." *Id.* See also Mitchell v. Roma, *supra*, 265 F.2d at 637; Shultz v. Farino Excavating Co., 55 F.R.D. 346 (E.D.Mich.1972).[1]

■ It is plaintiff's assertions of fact—the claims it will try to prove in court—which defendant is entitled to

---

[1] Plaintiff in the instant case relies heavily on United States v. Doochin Enterprises, Inc., 370 F.Supp. 942 (M.D.Tenn.1973). The court there held that since it was proper "to order the Government to disclose the names of the witnesses it intends to call at trial . . . [i]t follows, therefore, that the Government should then make available to the respondents the statements, if any, or information taken from those persons who are to be witnesses, there being no privilege to prohibit such protection." *Id.* at 945. The *Doochin* court apparently reached this result on the theory that the informer's privilege as to the persons to be called as witnesses was waived by the fact of their impending testimony. Thus the court continued: "The identity of those persons whose names have not been disclosed and/or who are not to be called as witnesses still are to be protected by the informer's privilege. It should also be noted that the Government has the right to request the court to excise any portions of the statements it must turn over to the respondents, if such portions would tend to reveal the identity of a person still classified as an informer, *i. e.*, one whose identity has not been disclosed or is not going to be a witness." *Id.*

In so holding that the government's disclosure of whom it intended to call as witnesses waived the government's privilege to keep secret who among those prospective witnesses were its informers, the *Doochin* court apparently did not consider that the witnesses at a Fair Labor Standards Act trial are by no means necessarily limited to employees who may have undertaken to inform the government of wage and hour law violations. "The fact that a person has knowledge doesn't mean that he has informed others of his knowledge . . . ." Mitchell v. Roma, *supra*, 265 F.2d at 637. Informers act voluntarily, but witnesses are often involuntarily forced to testify through subpoenae. Thus it is erroneous to assume that the government's prospective witnesses are all informers, and absent this assumption there is no basis for finding a waiver of the informer's privilege by virtue of the government's disclosure, voluntarily or under court order, of its prospective witnesses. *See* Hodgson v. Charles Martin, Inc., *supra*, 459 F.2d at 306–307. As the Fifth Circuit has stated in limiting the power of a district court to ordering disclosure of witnesses but not of the statements witnesses may have made, "it was not clear that the effect of the order [to disclose witnesses] would be to disclose informers. The balance was on the side of orderly trial procedure. . . . [W]e think the order [for production of witnesses' statements] tends toward disclosure of informers. . . . [E]ach witness who has given a statement will be suspected of being an informer. The trial court's power over trial procedure as such is involved only to a limited degree. There will be little, if any, facilitation of the trial from a disclosure of who has given the statements." Wirtz v. Robinson & Stephens, Inc., *supra*, 368 F.2d at 116. This Court finds the Fifth Circuit's reasoning persuasive.

explore through civil discovery subject to the limitation of the informer's privilege. The prescribed balancing test for deciding claims of informer's privilege leads the Court to distinguish between defendant's interrogatories which seek only plaintiff's knowledge and belief as to defendant's alleged violations, as opposed to interrogatories seeking the sources of plaintiff's assertions, such as whom plaintiff has interviewed and what specific claims of violations have been made to plaintiff by individual employees of defendant.

■ To the extent that plaintiff's claims as to the wages owed for a particular period to a particular employee may carry the implication that that employee has been cooperating with plaintiff, the possible prejudice to the employee impliedly labeled an informer must yield to the defendant's interest in ·a fair opportunity to defend itself. It is true that in the employment context of the instant case, involving individual homeworkers apparently isolated one from the other, it is unlikely that plaintiff's claims regarding any given employee could have been formulated other than through information from that employee, especially in view of defendant's alleged dereliction in record keeping. But this same employment context, involving widely dispersed homeworkers, also makes the employees in this case less subject to subtle retaliatory pressures than would be true of workers in a more common industrial environment. More overt retaliation against suspected informants is not as great a threat, since it is more likely to be detected and hence corrected by enforcement of the Fair Labor Standard Act's prohibition of retaliatory measures. See 29 U.S.C. §§ 215(a)(3), 216, 217. In any event, a presumption that any employee for whom plaintiff is able to make a detailed claim of wages due, must ergo have informed on defendant, is by no means conclusive. Plaintiff has furnished defendant with a list of the gross amounts it claims are due each of the 198 allegedly underpaid homeworkers. It is unlikely all 198 of these homeworkers were "informers." Supervisory employees within defendant's organization have also been the source of some information. See Plaintiff's answer to interrogatory 1(h). Moreover, the fact that an employee may have answered plaintiff's questions freely and fully when sought out by plaintiff, does not establish that employee as an "informer" whose initial complaints led to plaintiff's investigation of other employees' wage and hour circumstances. This more damning evidence of who among defendant's employees were informers could be gleaned only from the employees' own claims and complaints, as contained in their statements, questionnaires, and correspondence. Production of these documents, and answers to defendant's interrogatories asking for the claims of individual employees as opposed to the claims made on their behalf by plaintiff, will not be required.

Plaintiff's claims of privilege in regard to interrogatories number 1(g), 1(i)(i), 1(m), 1(o), 1(u) (insofar as other *employees* of defendant not listed in Exhibit A to plaintiff's answers were interviewed), 1(x), 1(y), 2(g), 2(i)(i), 2(m), 2(o), 2(u) (insofar as other *employees* of defendant not listed in Exhibit A to plaintiff's answers were interviewed), 2(x), and 2(y), are sustained.[2] Plaintiff's claims of privilege in regard to defendant's requests for the production of documents are sustained as to requests numbers 1, 2, 4, and 5. It is ordered that plaintiff produce the questionnaire—an uncompleted copy, of course—sought in request for production number 3. It is

---

2. It is to be hoped that defendant's counsel will in the future draft interrogatories with a less bizarre numbering system. The convenience of the Court would better be served by assigning each interrogatory a separate number in straight numerical sequence regardless of the relationships between the subject matter of sets of interrogatories.

ordered that plaintiff answer all interrogatories as to which the claim of the informer's privilege has not herein been sustained. Plaintiff's objections to answering these interrogatories based on relevancy and a claim of work product privilege are denied. Plaintiff is further ordered to file more responsive answers to interrogatories number 1(b), 1(c), 1(d), 1(f), 1(h), 1(z), 2(b), 2(c), 2(d), 2(f), 2(h), setting forth in detail the claims plaintiff asserts against defendant in respect to each individual, allegedly underpaid employee; however, it may withhold revelation of the sources of the information upon which plaintiff's claims are based.

So ordered.