**Raymond J. DONOVAN, Secretary of Labor, United States Dept. of Labor,**

v.

**E.J.D., INC., and Erwin J. Dostal.**

Civ. A. No. 81–207.

United States District Court,
D. Vermont, S.D.

June 20, 1983.

Albert H. Ross, Regional Sol., David A. Snyder, U.S. Dept. of Labor, Boston, Mass., for plaintiff.

Natt L. Divoll, Jr., Divoll & Doores, Bellows Falls, Vt., Robert W. Ulbrich, Chester, Vt., for defendants.

INTERLOCUTORY ORDER

HOLDEN, District Judge.

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* to enjoin alleged violations of that Act and to restrain the continued withholding of compensation that may be due employees under the Act. Defendants have moved to compel answers to interrogatories they served on the plaintiff. At issue[1] are defendants' interrogatories 3 and 4:

---

1. The defendants also moved to compel answers to their request in interrogatory 5 for the telephone numbers of prospective witnesses. The plaintiff objected to this request, but has withdrawn its objection and now agrees to provide the information sought. The court trusts that the plaintiff has already provided the defendants with these telephone numbers or will do so shortly.

3) Detail the persons considered salaried employees who were interviewed by the investigator including their name[s] and address[es], the gist of their replies to the investigator's questions and the basis for their answers.

4) In the bringing of the complaint in so far as the salaried employees are concerned, was reliance placed on any records and if so, what records and detail the conclusion that was arrived at because of use of those records.

The plaintiff objected to interrogatory 3 on the grounds of informer's privilege and work product immunity. The plaintiff's answer to interrogatory 4 was as follows:

Defendants' payroll records were reviewed. Names, addresses and salary histories were transcribed. Review of the records and other investigatory activity support[s] Plaintiff's conclusion that Defendants violated the minimum wage, overtime compensation, and recordkeeping requirements of the Act. *See* Exhibit A. Further investigation and/or discovery may reveal additional documents supporting Plaintiff's claims.

■ With respect to interrogatory 3, defendants' brief, which cites no legal authority whatsoever, states "[d]efendants knows [*sic*] no basis for the objection that these witnesses who were former employees are informers ..." Memorandum in Support of Motion to Compel (Paper 13), at 3. The plaintiff has obligingly remedied this gap in defendants' knowledge. *See* Plaintiff's Memorandum Opposing Defendants' Motion to Compel, at 3–6, *and cases cited therein.* The informer's privilege, first recognized in the context of criminal proceedings, *see Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), applies as well in government-instituted civil enforcement litigation, such as enforcement actions under the Fair Labor Standards Act. *See, e.g., Hodgson v. Charles Martin Inspectors of Petroleum, Inc.,* 459 F.2d 303 (5th Cir.1972). "Indeed, there is ample authority for the proposition that the strength of the privilege is greater in civil litigation than in criminal." *In re United States,* 565 F.2d 19, 22 (2d Cir.1977). And, in specific, the in-

former's privilege has been held to protect the identity and statements of both present and former employees in enforcement actions under the Fair Labor Standards Act, absent a showing of special circumstances that overcome this qualified privilege. *Hodgson v. Charles Martin Inspectors, supra,* 459 F.2d at 306; *Wirtz v. B.A.C. Steel Products, Inc.,* 312 F.2d 14, 15–16 (4th Cir. 1962); *Hodgson v. Carl Roessler, Inc.,* 70 CCH LC ¶ 32,849, at 45,819 (D.Conn.1973).

■ In this regard, the sole reason given by the defendants why they have need of the informants' identities and statements is this:

Interrogatory # 3 is addressed to directly find out which salaried employees were interviewed by the investigator and what they told him which could be used by the defendant[s] as grounds for rebuttal if they were placed on the witness stand and the defendants wouldn't be surprised by what they said and also it would give them a chance before trial to look into their own situation there and possibly come up with other rebuttal evidence other than the room charts themselves. Also, it is inconceivable to the defendants that the same answer would be given by all the employees and has the plaintiff used an average of the employees' answers or has it used the answer given by each employee to apply only to that employee's records.

Memorandum in Support of Motion to Compel, at 3.

This is not enough to justify disclosure of the informants' identities and statements. Defendants clearly have no need for impeachment purposes of the statements of those informants who will not be called as witnesses. As for those informants who may be called upon to testify, the plaintiff has agreed to provide their telephone numbers; and the defendants already know their names and addresses. If the defendants wish to prepare to impeach the testimony of these prospective witnesses, they are free to depose them and confront them at trial with any inconsistencies between their deposition testimony and their testimony on the stand. "Discovery was hardly

**634**

intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." *Hickman v. Taylor,* 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947) (Jackson, J., concurring). The court can imagine no practice more demoralizing to the bar than allowing discovery of a lawyer's or her investigator's notes of witness interviews, or the "gist" of the same, so as to facilitate impeachment by the opposing party. The information at issue here is as much within the defendants' reach as within the plaintiff's, if not more so. *See Hodgson v. Charles Martin Inspectors, supra,* 459 F.2d at 307; *Wirtz v. B.A.C. Steel Products, supra,* 312 F.2d at 16.

With respect to interrogatory 4, the Government's answer, while not overly detailed, fairly responded to the defendants' inquiry. The defendants have been made aware of the documents in the Government's possession, *see* Paper 9, Exhibit C ("Wage Transcription and Computation Sheets" of the defendants); and the Government acknowledges its duty to supplement its response should further investigation reveal additional records. Fed.R. Civ.P. 26(e).

The defendants' motion to compel is DENIED.

It is so ORDERED.