**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor**

v.

**Marilyn FORBES.**

**Civ. A. No. 84-238.**

United States District Court, D. Vermont.

May 21, 1985.

---

Albert H. Ross, Regional Sol., David A. Snyder, U.S. Dept. of Labor, Office of the Solicitor, Boston, Mass., for plaintiff.

Chester S. Ketcham, Middlebury, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.*, to enjoin defendant's practice of paying her employees less than minimum wage. It is also claimed that defendant failed to keep adequate records of hours worked and wages earned by her employees, all in violation of 29 C.F.R. § 516. Plaintiff seeks an injunction, back wages and costs.

The matter is presently before the Court on defendant's motion, filed on April 8, 1985, to compel answers to interrogatories and requests to produce. Opposition to the motion was filed by plaintiff on April 17, 1985.

*Defendant's Motion to Compel*

On December 21, 1984, defendant served interrogatories and requests to produce upon plaintiff. Plaintiff objected to certain interrogatories and requests to produce and, consequently, defendant filed this mo-

tion to compel. At issue are defendant's interrogatories 16, 17, and 19 as well as requests to produce 3 and 7:

16. Please state all persons whom you, or any of your agents, contacted who were engaged in the knitting of sweaters or the embroidery of sweaters for the Defendant.

17. Please state the address and telephone number of all those persons whom you or any of your agents contacted in person, by telephone, or by letter, and the manner in which each such contact was made.

19. Please state the names and addresses of all of the home knitters who responded to any questionnaire which you forwarded to them.

3. Please produce copies of all statements obtained from those persons who embroider or knit sweaters for the Defendant.

7. Please produce copies of all questionnaires completed by persons who embroider or knit sweaters for the Defendant, including but not limited to, those provided on "Form Approved Budget No. 44–R0370".

Plaintiff objected to the above interrogatories and requests, and now opposes defendant's motion to compel, on the ground that the information sought is protected under the so-called "informer's privilege." Additionally, plaintiff also objected, and still objects, to the requests to produce on the ground that the material sought is protected under the attorney work-product rule, as they were prepared in anticipation of litigation.

■ There is now little doubt, and indeed defendant concedes, that the informer's privilege applies in civil cases and, in particular, in cases under the Fair Labor Standards Act (FLSA). *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303 (5th Cir.1972). Therefore, absent a showing of special circumstances to warrant against it, the identities of present *or* former employees who have provided information to the Department of Labor under FLSA will be protected from

disclosure. *Id.* at 306. *See also Wirtz v. B.A.C. Steel Products, Inc.*, 312 F.2d 14 (4th Cir.1962). The purpose of the privilege in the labor context is to promote enforcement of the Act and to protect present or former employees from economic reprisal. Disclosure is warranted, however, when the defendant will be denied a fair trial by failure to disclose.

■ In this case, defendant claims she will be denied a fair trial if the names of the employee-informers are not released to her because she must be able to determine whether those putative employees are, in fact, independent contractors and, thus, are not covered by the FLSA. Defendant claims that plaintiff has also calculated the amount of her liability based on employee questionnaires which plaintiff claims are protected under the informer's privilege. Without access to such questionnaires, argues defendant, she cannot defend as to the extent of her liability. Finally, defendant argues that her needs far outweigh the possibility of economic reprisal against her employees since she has virtually ceased operations in Vermont.

After considering defendant's arguments, the Court has concluded that, although her reasons for disclosure are meritorious, she is nevertheless not entitled to the demanded discovery since there are other means available to obtain the requested information. For example, perusal of her own records should identify whether defendant hired independent contractors or employees. Additionally, defendant should be able to discern from her own records whether, in fact, her workers were incorrectly compensated and, if so, by how much.

■ Finally, plaintiff has made a copy of the questionnaires available to the defendant and the Court. From the questionnaires the defendant can easily discern the formula utilized by the Department of Labor to calculate the defendant's liability. Insofar as the desired information is available from other sources, the only other possible ground for disclosure is impeach-

ment. It is, however, clearly improper to permit disclosure on this basis.

Therefore, in view of the fact that defendant has other sources from which to obtain the requested information and in view of the fact that disclosure may be harmful to the informers in particular and to enforcement of the Act in general, the Court declines to order disclosure of the informer's names.

■ With regard to defendant's requests to produce questionnaires, to the extent that such disclosure would reveal the identity of defendant's employees who approached the plaintiff, production of those documents would violate the informer's privilege. We also believe that the content of the employees statements and the questionnaires falls under the attorney work-product rule and, therefore, are protected from disclosure. *See* Fed.R.Civ.P. 26(b)(3). *See also Hickman v. Taylor*, 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947) ("Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary.") Therefore, disclosure of the documents requested in defendant's requests to produce number 3 and 7 is not warranted.

### ORDER

For the above-stated reasons, defendant's motion to compel is DENIED.