**William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

**v.**

**ON SHORE QUALITY CONTROL SPECIALISTS, INC. et al., Defendants-Appellees.**

**No. 86–1347.**

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1987.

Lauriston H. Long, Washington, D.C., Robert A. Fitz, U.S. Dept. of Labor, Dallas, Tex., Linda Jan S. Pack, Washington, D.C., for plaintiff-appellant.

Martha Dickey, Roy Q. Minton, David H. Donaldson, Jr., Austin, Tex., for defendants-appellees.

Before REAVLEY and RANDALL, Circuit Judges, and WOODWARD *, District Judge.

REAVLEY, Circuit Judge:

The Secretary of Labor brought this suit under section 17 of the Fair Labor Standards Act ("the Act"), 29 U.S.C. § 217, to enjoin On Shore Quality Control Specialists ("On Shore") from violating the Act's overtime and record keeping provisions, 29 U.S.C. § 207, 215(a)(2). The district court dismissed the suit with prejudice on the ground that the Secretary refused to comply with its order to "list all persons who have given information concerning On Shore Quality Control to the Department of Labor." We agree with the Secretary's assertion that he need not comply because he is entitled to the protection of the informer's privilege, and we reverse.

On Shore's defense to this lawsuit is that its employees are exempt from the Act's overtime provisions as administrative employees under 29 U.S.C. § 213(a)(1). In 1981 a Department of Labor investigation of On Shore concluded that its employees were indeed exempt under this provision, but in 1983 a second investigation came to the opposite conclusion.

On Shore filed several interrogatories with which the Secretary refused to comply, in each instance arguing that the government was protected from responding by the informer's privilege. In April of 1985 the district court ordered that plaintiff respond, and in July it issued a second order to this effect, ruling that the informer's privilege did not apply. When the Secretary still failed to comply, the court granted defendant's motion to dismiss with prejudice.

In *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957), the Court stated that "[w]hat is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons

who furnish information of violations of law to officers charged with enforcement of that law." Although *Roviaro* was a criminal case, the privilege uniformly has been applied in civil cases as well. We have held that the Secretary of Labor is entitled to invoke the informer's privilege in a number of prior Fair Labor Standards Act cases. *Hodgson v. Charles Martin Inspectors of Petroleum,* 459 F.2d 303 (5th Cir.1972); *Wirtz v. Robinson & Stephens, Inc.,* 368 F.2d 114 (5th Cir.1966); *Wirtz v. McDade,* 330 F.2d 610 (5th Cir.1964); *Wirtz v. Continental Finance & Loan Co. of West End,* 326 F.2d 561 (5th Cir.1964).[1]

*Roviaro* established a "balancing of interests" test for determining when the informer's privilege attaches. In *Charles Martin,* which involved a suit under the Fair Labor Standards Act similar to the case at bar, we articulated the balancing test: "the interests to be balanced here are the public's interest in efficient enforcement of the Act, the informer's right to be protected against possible retaliation, and the defendant's need to prepare for trial." 459 F.2d at 305.

The district court in the instant case reasoned that the defendant's need to prepare for trial outweighed the public's interest in enforcement of the Act and the informer's right to be protected against retaliation. We find no peculiar problem of the employer's preparation of this case. In *Charles Martin,* for instance, the Secretary of Labor brought suit for violation of the minimum wage, overtime and record keeping provisions of the Act. The district court dismissed the case when the Secretary refused to respond to interrogatories asking for copies of statements made to the Secretary by defendant's employees. In that case, like this one, the defendant had urged "a clear and convincing need for adequate preparation of its defense because ... the cost of taking the depositions of all the individuals involved would be

---

* District Judge of the Northern District of Texas, sitting by designation.

1. *See also Stephenson Enterprises v. Marshall,* 578 F.2d 1021, 1025 (5th Cir.1978) (applying the same analysis to an Occupational Safety and Health Act case).

virtually prohibitive." *Charles Martin,* 459 F.2d at 306. Nevertheless, this court held that "the Secretary was entitled to assert the informer's privilege," *id.* at 304, and that "the district court's order must be reversed because compliance with the order ... would disclose those individuals who might be the subject of retaliation for their cooperation with the government." *Id.* at 306. The same result, for the same reasons, was reached in *Robinson & Stephens, McDade, Continental Finance,* and *Stephenson Enterprises.*

 On Shore advances the view accepted by the district court that this case is distinguishable from the prior cases because of the 1981 Department of Labor investigation that reported no Labor Act violations. Defendant fails to explain, however, *why* the 1981 investigation makes this case so different from our precedents. The record makes clear that in 1981 the compliance officer talked with only one On Shore employee, by long-distance telephone. This could be reason enough to conduct a second investigation, and, in any event, we conceive of no reason why the fact that this 'is a second investigation should lead to an abrogation of the informer's privilege. Discovery of what changed the Department's opinion might satisfy the employer's curiosity but we do not consider that to be a material issue to the defense of this suit.

Defendant next argues that the interrogatory at issue does not ask for the names of informers, but, rather, for "names of those who have knowledge of the new facts and changed conditions that brought about the attempted change in exemption status." But the district court's order makes clear that the interrogatory asked for a list of persons who have given information to the Department of Labor. Apparently On Shore thinks that "person who gives information" is significantly different from "informer" because the latter but not the former refers only to those who give negative or complaining information. This distinction is not supported by our cases, however. In *Robinson & Stephens* we re-

versed a district court order that "the Secretary designate which [trial] witnesses had given written statements to the Secretary." 368 F.2d at 115. This order "was based on the theory that the fact of giving a statement did not necessarily indicate that the statement maker was an informer." *Id.* The court thought that "the order tends toward disclosure of informers." *Id.* at 116.

The same interests that militate against divulging the names of "informers" militate equally against divulging the names of "those who have given information," and leaving to the employer the identification of displeasing informants. As Judge Tuttle observed for the court in *Continental Finance,* "[t]he purpose for allowing the informers privilege ... is to make retaliation impossible." 326 F.2d at 564. This purpose remains intact even where a list of informers is included within a somewhat larger list containing some persons who spoke with the authorities but who did not complain.

The Secretary submitted to the defendant a document entitled "Summary of Back Wages," containing the name of each employee found due back wages, his or her address, the times of the violations, and the amount due each employee. The issue to be tried in this case concerns the nature of the duties performed by these individuals, and whether the duties are, as claimed, administrative. The list of "all persons who have given information to the Department of Labor" is "utterly irrelevant to the issues to be tried by the trial court." *Continental Finance,* 326 F.2d at 563.

REVERSED AND REMANDED.