George P. SHULTZ, Secretary of Labor, U. S. Department of Labor (Successor to Willard Wirtz, Former Secretary of Labor), Plaintiff,

v.

FARINO EXCAVATING COMPANY, Inc., Defendant.

Civ. A. No. 30435.

United States District Court, E. D. Michigan, S. D.

Feb. 22, 1972.

Allen H. Bean, U. S. Dept. of Labor, Detroit, Mich., for plaintiff.

Robert A. Lesnick, Dearborn, Mich., for defendant.

MEMORANDUM AND ORDER

DeMASCIO, District Judge.

This action is brought under § 17 of the Fair Labor Standards Act and seeks to restrain the defendant from violating the overtime provisions of that act and, further, to restrain continued withholding of back wages found due and owing the employees. The plaintiff contends that the defendant failed to pay premium wages for overtime hours worked by the defendant's employees. The defendant seeks production of all statements given by its employees and other related documents now in the possession of government investigators. The plaintiff has objected to such discovery claiming that the statements sought to be discovered are privileged under Rule 26(b)(1) F.R.C.P. and are, therefore, not dis-

coverable under Rule 34 F.R.C.P. The claimed privilege is the "informer's privilege."

The defendant cannot by use of discovery obtain the names of its employees who have given information or written statements to the plaintiff of alleged violations of the Fair Labor Standards Act. The names of the informing employees are not subject to disclosure because of the "informer's privilege." Mitchell v. Roma, 265 F.2d 633 (3rd Cir. 1959); Wirtz v. B.A.C. Steel Products, Inc., 312 F.2d 14 (4th Cir. 1963); Mitchell v. Johnson, 274 F.2d 394 (5th Cir. 1960); Wirtz v. Robinson & Stephens, Inc., 368 F.2d 114 (5th Cir. 1966); 8 ALR Fed. § 15, p. 57. While the privilege may be qualified, the defendant has not shown special circumstances that would justify withholding the privilege. Wirtz v. B.A.C. Steel Products, Inc., supra. The "informer's privilege" has been extended to cases where the defendant seeks to discover statements given by informing employees to government investigators. Mitchell v. Johnson, supra; Wirtz v. B.A.C. Steel Products, Inc., supra.

At the last pre-trial in this cause, the government was ordered to furnish the defendant with names and addresses of its employees who the government claims were employed in violation of the act, as well as names and addresses of persons who might have information concerning this cause. The defendant, of course, is free to interview or take depositions of any of the individuals whose names are furnished. Further, the defendant is entitled to a list of witnesses the government intends to call at the trial of this cause. Wirtz v. Hooper-Holmes Bureau, Inc., 327 F.2d 939 (5th Cir. 1964); Wirtz v. Robinson & Stephens, Inc., supra.

The defendant's Motion to Produce is denied. This cause will proceed to trial.