John T. DUNLOP, Secretary of Labor, United States Department of Labor, (Successor to Peter J. Brennan, resigned), Plaintiff,

v.

J.D.C.N., INC., Defendant.

Civ. A. No. 74–70495.

United States District Court, E. D. Michigan, S. D.

May 8, 1975.

Robert B. Kayes, U. S. Dept. of Labor, Detroit, Mich., for plaintiff.

Michael J. McGuigan, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendant.

## OPINION

GUBOW, District Judge.

This is the Court's decision on the motion brought by the defendant for sanctions.

The plaintiff brings this action against the defendant for alleged violations of the Fair Labor Standards Act of 1938 as amended. It is alleged that the defendant is guilty of sex discrimination against women employees. The defendant now moves under Rule 37(d) for sanctions against the plaintiff for failing to answer certain interrogatories.

In response to Defendant's first set of interrogatories, the plaintiff supplied the names of 18 persons allegedly discriminated against by the defendant plus 36 others with knowledge of the discrimination. The defendant deposed five of these people. Four of them said that they had had conversations with representatives of the Department of Labor and that interview statements were completed in connection with those conversations. The persons said that they had no objection to the defendant examining the statements. The defendant then served a second set of inter-

rogatories. These asked the plaintiff for information about any statement or statements made by any of the persons named by Plaintiff in response to Defendant's first interrogatories. The plaintiff refuses to give this information aside from the four statements already turned over to the defendant. The defendant therefore brings this motion.

Plaintiff advances two reasons for not supplying the information. First, Plaintiff claims that the defendant has not satisfied the requirements of Rule 26(b)(3) in that there has been no showing of substantial need for the information or that Defendant is unable by other means to obtain the information requested. Second, Plaintiff claims that the information is protected by the informers privilege.

■ With regard to the informers privilege, it is not disputed that in Fair Labor Standards Act cases, discovery is limited by the Government's qualified privilege not to disclose the identity of informants. *Brennan* v. *Engineered Products, Inc.*, 75 LC 33164. However, the defendant here argues that the Government in this case has lost that privilege because it has already given Defendant the names of the informants. Defendant cites authority for the proposition that the privilege exists only to protect the identity of informants, not to protect the informants' information; that, where the identity of the informant is disclosed, there exists no further reason for withholding the substance of the informants' information. Defendant's argument proceeds on the assumption that by providing the names of all people with knowledge of the alleged discrimination—i. e., in answer to the defendant's first interrogatories—the plaintiff disclosed the identity of informants.

Plaintiff points out this assumption is not entirely valid. The plaintiff never stated in answer to interrogatories, or otherwise, that any of the people it named as having knowledge of the discrimination are also Government informants within the meaning of the informers privilege The only possible indication ever given that anyone is an informant was given by the five people deposed; and as to four of them, Defendant already has the statements. This is significant because there is some authority which states there is a difference between a witness whose identity is known and an informant whose identity is known. *Hodgson* v. *Charles Martin Inspectors of Petroleum, Inc.*, 5 Cir., 459 F.2d 303. At best, the defendant here only knows the identity of Plaintiff's witnesses, and only potential witnesses at that.

However, authority does seem to be divided on this point. The defendant has cited two cases under the Fair Labor Standards Act. The first is *Mitchell* v. *Bass*, 8 Cir., 252 F.2d 513. In that case, the Court stated that the Government's disclosure of the witness to be used at trial was a disclosure of the informants' identity and was a waiver of the privilege. That case does support the defendant. Although Plaintiff has not indicated to Defendant who its witnesses at trial will be, we can assume that the trial witnesses will be people from the list already provided by Plaintiff.

The other case is *United States* v. *Julius Doochin Enterprises*, D.C., 370 F.Supp. 942. There the court concluded that the privilege should give way where either the identity of the person giving information has already been disclosed or the person giving information is to be called as a witness by the Government at trial, there being nothing to protect in these two instances. 370 F.Supp. at 945. The court concluded that there was no reason not to require the Government, in the ordinary course of discov-

ery, to disclose the identity of the witnesses it intended to call at trial. Once those identities are known, the court reasoned, there is no need for the privilege to stand. The statements of those persons were therefore ordered to be disclosed.

In our own jurisdiction, one decision on point is the case of *Shultz* v. *Farino Excavating Company*, D.C., 55 F.R.D. 346, a case decided by Judge DeMascio here in our district which, as I read it goes the other way. There Judge DeMascio upheld the informer's privilege even though the names of employees with knowledge of the alleged discrimination had been disclosed. He indicated that the way for the defendant to get the information itself was to interview or depose the people whose names had been disclosed. He also suggested that the defendant would be entitled to a list of Government witnesses. Unlike the Court in the *Julius Doochin Enterprises* case, Judge DeMascio obviously did not feel that the availability of these names should affect the operation of the privilege. He denied the defendant's request for production of investigative statements.

In a supplemental brief, the defendant has argued that *Shultz* v. *Farino* can be distinguished from our case because here Plaintiff has disclosed the identities of people who actually have knowledge of the discrimination, whereas in the *Farino* case, Judge DeMascio had ordered disclosure of those who *might* have information. 55 F.R.D. at 347. It seems to me that this is a distinction without a difference. Compliance with Judge DeMascio's order would undoubtedly have required the Government to disclose the identities of those with actual knowledge of the case. Moreover, Judge DeMascio ordered the Government to disclose its trial witnesses who presumably had actual information about the discrimination. In spite of that disclosure of identities, Judge DeMascio let the privilege stand. It seems

to me that the defendant here has the same opportunity as did the defendant in the *Farino Excavating* case to interview and depose the people whose names have been supplied by the Government. I see no reason for the privilege to give way.

In addition to Judge DeMascio's decision in this district, there is appellate court authority more recent than the *Mitchell* v. *Bass* case which supports a decision upholding the privilege in this case. In *Hodgson* v. *Charles Martin Inspectors of Petroleum, Inc.*, 5 Cir., 459 F.2d 303, the court upheld the operation of the privilege even as to the statements by employees whose identities were known to the defendant. 459 F.2d at 306. There the Court made a distinction which also applies in our case, and I quote:

"Knowing the identity of persons who have given statements to the Secretary is not equivalent to knowledge of which of those persons were informers within the context of the privilege. Only when the content of a statement is disclosed will it be revealed whether the information was given relunctantly or voluntarily, whether the tone and manner in which it was given was friendly to the defendant or unfriendly and whether it was accusatory or favorable. In short, if the employee is not known to the defendant as an informer but merely as a statement giver, then disclosure of the statement might reveal him as an informant."

Similarly, in our case, the defendant does not know whether the people whose names have been supplied by the plaintiff on the grounds that they have knowledge of the discrimination are also informants within the meaning of the privilege.

This court is of the opinion that the information sought in Defendant's second set of interrogatories is protected by the informers privilege. Plaintiff's

assertion of the informers privilege having been upheld by the court, there is no need to reach the question of need as framed by the parties in terms of Rule 26(b)(3).