## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

David Johnson

v.

Virginia Electric
and Power Co. and
Able Equipment Co.

July 22, 1993

Case No. 5050

BY JUDGE JAY T. SWETT

Before me is a motion to quash filed by the Commissioner of Labor and Industry. Both defendants had subpoenas served on the Commissioner requesting written statements given by plaintiff David Johnson and other employees of Berry Brothers Painting and Decorating. The statements were obtained by the Commissioner as part of an investigation of an accident that occurred on March 24, 1988. The purpose of the investigation was to determine whether there were violations of Virginia's Occupational Safety and Health Act, Va. Code § 40.1–49.4.

The Commissioner asserts two grounds in support of the motion to quash. The first is statutory. The second invokes the "informer's privilege."

Va. Code § 40.1–11 prohibits the Commissioner from disclosing information gathered during an investigation "for any purposes other than those of this title." Va. Code § 40.1–49.8(2) authorizes the Commissioner to "question privately . . . any employee" during the course of an investigation.

In Virginia, the so-called "informer's privilege" has been applied to criminal actions and protects from disclosure the identity of a person who provides the police information about criminal activity. *Gray v. Commonwealth*, 233 Va. 313, 328 (1987). It has also been applied in civil actions involving federal administrative agencies. *Hodgson v. Charles Martin Inspectors*, 459 F.2d 303 (5th Cir. 1972). The defen-

dants argue that the informer's privilege is primarily designed to protect the identity of an informant as opposed to the content of the informant's statements. Here, given the small number of employees of Berry Brothers, the defendants assert that since they know the identity of those who gave statements in the course of the administrative investigation, the privilege should not prevent the production of the statements.

The statement of plaintiff David Johnson has already been turned over to the defendants and therefore is no longer at issue. With regard to other statements given to the Commissioner in the course of her investigation, I am persuaded that the statements should be produced but not yet made available to defendants. The statements ought to be protected to some degree to further the purposes of the Act. In the context of this case, I will follow the practice of some federal courts and require the statements to be produced under seal to this court. They will be held under seal and opened only if the person who made the statement is called as a witness in this trial or if other circumstances warrant unsealing the statements earlier.

Accordingly, the motion to quash is granted in part and denied in part. The statements should be produced under seal to this court within ten days of the receipt of this letter.