**CIRCUIT COURT OF FAIRFAX COUNTY**

Theron J. Bell

v.

General Masonry, Inc.

June 18, 1998

Case No. (Chancery) 152069

BY JUDGE LESLIE M. ALDEN

This matter came before the Court upon the Motion to Compel Discovery filed by Defendant General Masonry, Inc. ("Defendant"). At the hearing on May 29, 1998, the Court was asked to determine whether the identities of employees interviewed by Complainant, Theron J. Bell, Commissioner of Labor & Industry ("Complainant"), as well as any resulting interview statements, are protected by an informer's privilege and are therefore protected from disclosure.

For the reasons set forth herein, the Court concludes that while the informer's privilege applies to the employee identities and interview statements, the balancing of interests requires that the privilege yield and that the statements be produced in this matter. Accordingly, the Motion to Compel is granted.

## I. Factual Background

The following facts are derived from the pleadings filed herein. In May, 1996, Defendant was performing masonry work in Lorton, Virginia, when Complainant inspected Defendant's worksite to ensure compliance with the health and safety regulations. After the inspection, Complainant issued a citation against Defendant for one repeat violation of the Virginia Occupational Safety and Health Standards of the Construction Industry. The

citation involved scaffolding hazards, and Complainant proposed a penalty of $3,000.00 for the violation.

In July, 1996, Defendant notified Complainant of its intent to contest the citation, and Complainant subsequently filed a Bill of Complaint pursuant to § 40.1-49.4(E) of the Virginia Code requesting the Court to affirm the citation. Pursuant to the rules of discovery, Defendant requested that Complainant produce the identities of the persons interviewed during the inspection, as well as any resulting employee interview statements. Complainant objected to the production of these items on the basis that the identities of the witnesses, along with any interview statements, were protected by the informer's privilege. Defendant filed its Motion to Compel the production of these items.

## II. *Argument*

Complainant contends that the identities of the employees, along with their interview statements, are protected from disclosure by an informer's privilege. The informer's privilege, recognized at common law, permits the government to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with the enforcement of the law. *See, Roviaro v. United States*, 353 U.S. 53 (1957). The purpose of this privilege is to further and protect the public's interest in effective law enforcement by preserving the anonymity of the informer and, therefore, encouraging the informer to provide the pertinent information. *Id.* Even though the informer's privilege originated in the criminal context, the federal courts have extended its application to the civil context as well. *See, Wirtz v. B.A.C. Steel Products, Inc.*, 312 F.2d 14 (4th Cir. 1962), and *Brennan v. Engineered Products, Inc.*, 506 F.2d 299 (8th Cir. 1974).

Although the Virginia Supreme Court has adopted the use of the informer's privilege in the criminal context, it has not addressed the issue of the use of the privilege in the civil context. *See, Gray v. Commonwealth*, 233 Va. 313 (1987); *see also, Johnson v. Virginia Electric & Power Co.*, 31 Va. Cir. 326 (1993), the only Virginia opinion which has adopted the use of the informer's privilege in a civil action. However, an analysis of the code sections within Title 40.1 of the Virginia Code evinces the intent of the Virginia legislature to protect the identity of any informer falling within the purview of this title. For example, § 40.1-49.8 permits the investigators to "question privately" any employees at the worksite. Va. Code Ann. § 40.1-49.8 (1994). Similarly, § 40.1-51.2 requires that the names of individuals who bring hazardous conditions to the attention of the Commissioner of Labor and Industry be held in confidence upon the request of such individuals. Va. Code

Ann. § 40.1-51.2 (1994). The legislative intent expressed by these code sections, combined with the underlying purpose of the informer's privilege, suggest that the General Assembly intended the informer's privilege to apply in a case of this nature. Here, public policy dictates that employees should be encouraged to report health and safety violations, and an enforcement scheme which maintains the employees' anonymity promotes this policy. Accordingly, I conclude that the statute confers a privilege regarding the identity and substance of an informer's information.

However, even where the informer's privilege applies, it is not absolute. Where the disclosure of an informer's identity, or the contents of any communication with the informer, is relevant and material to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. *Roviaro*, at 60. The Court must balance the public interest in protecting the flow of information against the individual's right to prepare a proper defense. *Id.* at 63.

Here, the Complainant was required to consider the following factors in order to determine the appropriate penalty for the cited violation: (1) the gravity of the violation; (2) the size of the business; (3) the good faith of the employer, and; (4) the employer's history of previous violations. Va. Code Ann. § 40.1-49.4(A)(4)(a) (1994). Upon review, the Court must either affirm, modify, or vacate the Commissioner's citation and penalty, based upon findings of fact and conclusions of law made after a hearing on these issues. Clearly, the employee interview statements may be relevant to the issue of the good faith of the employer. The statements may also be relevant to the issue of Defendant's willfulness in the violation of the health and safety provisions. Finally, the disclosure of these statements may be essential to the fair determination of this cause, as the statements may be relevant to a defense of the citation.

As the employee interview statements may be relevant and material to Defendant's preparation of its defense, the Court finds that the documents should be produced for an *in camera* review. The Court then shall determine whether the production of the statements to Defendant outweighs the public interest in protecting the anonymity of the informers. It should be noted that § 40.1-51.2:2 of the Virginia Code provides a remedy for any employee who believes that he or she has been discriminated against because that employee has filed a safety or health complaint.

### III. *Conclusion*

For the reasons stated above, the Court finds that while the informer's privilege applies in this case, the privilege must yield if the interview statements are relevant and material to Defendant's preparation of its defense to the citation. Complainant shall produce the identities of the employees and any resulting interview statements to the Court within fourteen days for an *in camera* review. An order so providing shall be entered on this date.